[Filed April 22, 1889.]

## THOMAS CAUFIELD, APPELLANT, *v.* W. E. CLARK, RESPONDENT.

WHERE A PERSON, UNDER A MISTAKE as to the boundaries, enters and occu-
pies land not embraced in his title, claiming it as his own for the requisite
statutory period, he thereby becomes invested with the title thereto by
possession, although his entry and possession may have been founded upon
a mistake.

APPEAL from the Circuit Court for the county of Polk.

*G. G. Bingham*, for Appellant.

*Daly & Butler*, and *Warren Truitt*, for Respondent.

LORD, J. — This is a suit to determine an adverse claim
to certain real property described in the complaint, and

to enjoin the defendant from entering upon and taking possession of the same.

The material issue presented by the pleadings, and to which the evidence is chiefly directed, is the title to such property. The claim of the plaintiff is based on adverse occupancy, and his evidence is directed to establishing his title thereto. The defendant claims the same through duly recorded conveyances to and through his predecessors. It is not disputed but that the plaintiff has included the same lands in controversy in his premises, and that he has occupied the same for more than the statutory period. The contention of the defendant is, that the plaintiff and himself were mutually mistaken as to the true boundary between the premises owned by them, and that whatever use and occupancy to which the plaintiff and his grantors have subjected said lands, has been under a mistake of the true line, and therefore, within the meaning of the law, does not constitute an adverse holding. The matter in dispute turns wholly on the evidence, and the conclusions to be derived from it, within legal principles, will be decisive of his case.

It is not controverted that if the plaintiff held his possession under mistake or ignorance, but with no intention to claim beyond the true line when discovered, his adverse possession can be maintained against the real owner. In such case, his possession of the land, being by mistake, and not under a claim of right against him, was seised, or with an intention to occupy the land beyond the true boundary when disclosed, does not have the effect to work a disseisin. But the plaintiff claims that this rule is inapplicable to him upon the facts as presented by this record. He insists that the evidence will show that he entered upon and occupied the land in controversy, claiming it as his own, and that no other deduction can be drawn therefrom than his intention to claim it adversely.

"If one by mistake," said Henry, J., "inclose the land of another, and claim it as his own, his actual possession will work a disseisure, but if ignorant of the boundary line, he makes a mistake in laying his fence, *making no claim, however,* to the lands up to the fence, but only to the true line as it may be subsequently ascertained, and it turns out that he has inclosed the lands of the adjoining proprietor, his possession of the land is not adverse." (*Washburn* v. *Ballen,* 68 Me. 164; *Hutching* v. *Morrison,* 72 Me. 334.)

Mr. Wood says: "The rule has been adopted in some of the states, that where a person takes possession of lands, and through inadvertence or ignorance as to the true line takes and holds possession of land not covered by his deed, with no intention of claiming or occupying beyond his actual boundaries, such possession will not support a plea of the statute against the real owner, because in such case the possession lacks an essential requisite, namely, an intention to declare adversely, which is an indispensable ingredient to constitute a disseisure. This doctrine has been denied in Connecticut; and in all cases, if a person under a mistake as to the boundaries enters and occupies land not embraced in his title, claiming it as his own for the requisite statutory period, he thereby becomes invested with the title thereto by possession, although his entry and possession may have been founded upon a mistake." (Wood's Limitations of Actions, sec. 263, and cases cited in notes.) The principle stated in this last clause just cited is the rule which the plaintiff insists is applicable to the facts of this case.

No good purpose can be served by encumbering this record with the evidence. It will be sufficient to give the result of our conclusions, as it has impressed us after a careful examination. No question is made as to the extent, duration, or continuity of the plaintiff's occupation.

If his case rested upon that, his title would go uncontroverted by the defendant. But it is the fact claimed by the defendant, that his possession was not accompanied by a claim of title,— that it was only a mistake as to the true line, with no intention of claiming beyond his actual boundaries,— that raises the question to be decided.

In our judgment, the evidence, taken as a whole, will not warrant this conclusion. We think it is fairly established by the evidence that the plaintiff has occupied and claimed title to the fence as originally located, which was not on the line as described in the deed, although by mistake he supposed it was on such line. · It seems to us, also, that the action and conduct of the defendant in respect to this fence, in some particulars, as appears by the evidence, strengthens this conclusion. We think, therefore, the fence has become the true boundary line of the adverse possession, and that the plaintiff is entitled to have the decree of the court below modified, so as to establish such line in accordance therewith; but it is affirmed in all other respects, and it is also ordered that neither party recover costs in this court.