[Argued Nov. 17, 1892; decided Jan. 2, 1893.]

## FRED H. RAMSEY *v.* S. I. OGDEN.

[S. C. 31 Pac. Rep. 778.]

BOUNDARIES—ADVERSE POSSESSION—STATUTE OF LIMITATIONS.—Where a person under mistake as to the boundaries enters upon and occupies land not embraced in his title, and claims it as his own for the statutory period, he becomes invested with title thereto by possession, although his entry and occupation was by mistake. *Caufield* v. *Clark*, 17 Or. 474, approved and followed.

IDEM.—If one by mistake encloses the land of another and claims it as his own, his actual possession will work a disseisin of the true owner; but if, in ignorance of the true boundary, he makes a mistake and encloses the land of another, claiming, however, only to the true line as it may subsequently be ascertained, his possession of the land is not adverse.

Multnomah County: ERASMUS D. SHATTUCK, Judge.

This was an action of ejectment. The complaint is in the usual form, alleging title and right to possession in the plaintiff, and a wrongful withholding by the defendant. The answer denies the allegations of the complaint, and sets up title by virtue of adverse possession, which is denied in the reply. The trial resulted in a verdict for the defendant, upon which judgment was entered, and from which plaintiff appeals. Affirmed.

*Walter W. Thayer*, and *Elmer E. Coovert* (*Lawrence A. McNary* on the brief), for Appellant.

*Ossian Franklin Paxton*, and *Thos. N. Strong* (*John W. Paddock* on the brief), for Respondent.

LORD, C. J.—The pleadings and evidence, contained in the bill of exceptions, show that there is a fence along

the north line of the land in controversy, which has been maintained there and used by the plaintiff on the one part and the defendant and his predecessor Smith on the other part, for more than twenty years, as the division line between their lands. The testimony of Smith and the defendant tended to show that they and plaintiff had rebuilt and maintained this fence as the line fence between their land and plaintiff's for more than twenty years prior to the commencement of the action, and that during all of such period, with the knowledge of the plaintiff, they had been in the actual, exclusive, open, and continuous possession of the land in dispute, claiming to own the same. The testimony of the plaintiff tended to show that he thought, or supposed, when the fence was built, that it was located on the south line of his land, and that he did not know where the true line was, as he now claims it to be, until he had his land surveyed a few months before he commenced this action. But the plaintiff does not controvert by his evidence that Smith and the defendant had been in the actual possession of the land during this time, or that this fence had been treated and acquiesced in as the dividing line, or that they had, with his knowledge and acquiescence, claimed to own the land up to the fence.

Upon this state of the case, the court, among other instructions, gave the following, which was excepted to by the plaintiff: "If the jury find from the evidence that the witness Smith continuously occupied the land in controversy as a pasture and meadow, and continuously claimed title up to the fence described in the evidence as the northern limit of the disputed tract from 1870 to 1887, and that in 1887 said Smith turned the land over to this defendant, and put defendant into actual possession, and that this defendant thus entered into the actual possession of this disputed tract, and claimed title up to the fence aforesaid, and the plaintiff Ramsey knew of the occupancy and claim of Smith and the defendant and acquiesced in such occupancy and claim by Smith and

the defendant for the continuous and unbroken period of ten years prior to and next preceding the date of Hurlburt's survey, offered in evidence, then the possession of the defendant should be deemed adverse, and, if the jury so find, the verdict should be for the defendant." The contention for the plaintiff is, that although Smith and the defendant had occupied, in the manner mentioned, the land in dispute for ten years and more, claiming ownership thereof, and the plaintiff acquiesced in such claim, yet such claim of ownership was not absolute but conditional, because they supposed the land was included in the deeds to them. Upon this hypothesis, it is asserted, that if two adjoining owners of land are mistaken as to where the dividing land is between them, and one of them claims to a false line, under an erroneous impression that it is the true line, it is not such a claim of ownership as will create an adverse possession, for the reason that it is not an absolute claim which the law requires to constitute an adverse possession.

To determine this case, we must look at the instruction excepted to, and ascertain from it whether the law is correctly stated as applicable to the facts. In effect the jury are told that if they find from the evidence that the defendant and his predecessor Smith had been for ten years next preceding the commencement of the action in the actual possession of the land in dispute up to the fence referred to in the evidence, claiming title to that fence, and that the plaintiff knew and acquiesced in such claim and occupancy for that period, then such possession shall be deemed adverse, and the verdict should be for the defendant. By this instruction, the jury are informed what acts upon the part of the defendant would amount in law to adverse possession, and left to determine from the evidence whether or not the defendant and his predecessor had done such acts. In *Ross* v. *Gould*, 5 Me. 212, it is said that a "disseisin cannot be committed by mistake, because the intention * * * is an essential ingredient in a disseisin." But in *Cole* v. *Parker*, 70 Mo.

580, the court says: "Honest men always enclose land not their own by mistake, or with the consent of the owner; and if the law on this subject were not as this court has held, the statute of limitations in such cases would never run in favor of an honest man, because he would never avow his purpose to have been to take the land of another." The law on this subject, as held in *Washburn* v. *Ballen*, 68 Mo. 164, is thus stated by HENRY, J.: "If one by mistake enclose the land of another and claim it as his own, his actual possession will work a disseisure; but if ignorant of the boundary line, he makes a mistake in laying his fence, making no claim, however, to the lands up to the fence, but only to the true line as it may be subsequently ascertained, and it turns out that he has enclosed the lands of the adjoining proprietor, his possession of the land is not adverse."

Within the principle announced in this decision, it was held in *Caufield* v. *Clark*, 17 Or. 474 (21 Pac. Rep. 443; 11 Am. St. Rep. 845), that where a person, under a mistake as to the boundaries, enters and occupies land not embraced in his title, claiming it as his own for the requisite statutory period, he becomes invested with title thereto by possession, although his entry and possession were by a mistake. In *French* v. *Pearce*, 8 Conn. 445 (21 Am. Dec. 680), the court says that though "the intention of the possessor to claim adversely is an essential ingredient," yet "the person who enters upon land believing and claiming it to be his own," though under mistake, "does thus enter and possess. The very nature of the act is an assertion of his own title and the denial of the title of all others." And again, that "it is as certain that a disseisin may be committed by mistake as that a man may by mistake take possession of land, claiming title, and believing it to be his own." And further: "Adopt the rule that an entry and possession under a claim of right, if through mistake, does not constitute an adverse possession, and a new principle is substituted. The inquiry no longer is, whether visible possession, with the intent

to possess under a claim of right and to use and enjoy as one's own, is a disseisin; but from this plain and easy standard of proof we are to depart, and the invisible motives of the mind are to be explained; and the inquiry is to be had, whether the possessor of land acted in conformity with his best knowledge and belief." The doctrine as to actual possession taken under a deed by mistake is thus declared in *Crary* v. *Goodman*, 22 N. Y. 175: "Where a grantee, in taking possession under his deed, goes unintentionally and by mistake beyond his proper boundaries and enters upon and actually occupies and improves land not included in the deed, claiming and supposing it to be his, this occupation is to be deemed adverse within the meaning of the statute of limitations." And it is said that "it cannot be denied that this doctrine is in accordance with the strict letter of the statute, and it may be equally within its spirit and intent."

The case is different where, as in *Brown* v. *Cockerill*, 33 Ala. 45, the court says: "If a party occupies land up to a certain fence, because he believes it be the line, but having no intention to claim up to the fence if it should be beyond the line, an indispensable element of adverse possession is wanting. The intent to claim does not exist, and the claim which is set up is upon the condition that the fence is upon the line." In cases of this sort the possession taken is conditional, and the intent to claim the ownership of the land does not exist, and is not therefore such a claim of ownership as the law requires to constitute an adverse claim or possession.

In the case at bar, the evidence for the defendant tended to show that Smith and defendant claimed to own all the land up to the fence with the plaintiff's knowledge and acquiescence, and his evidence does not controvert it. There was nothing in the case that tended to show that the possession taken by Smith and the defendant was conditional, but that they took actual possession, claiming to own the land up to the fence. And the court told the jury, in effect, that if they found from the evi-

dence that Smith and the defendant had occupied the land in dispute, claiming to own it for the statutory period, and that the plaintiff knew of and acquiesced in such claim of ownership and occupancy, then such possession should be deemed adverse. This was a correct exposition of the law.

The judgment is affirmed.

[Argued Nov. 17, 1892; decided Jan. 2, 1893; rehearing denied Jan. 23, 1893.]