## JACK WHITTAKER ET AL. v. W. W. THAYER ET AL.

### No. 1812. Decided April 1, 1908.

**Estates of Decedents—Land Certificate—Sale After Location and Patent.**

Proceedings in an administrator's sale considered and held to be presumed, on their face, to be a sale of land of the estate, and not merely of the land certificate, which having been located before the order of sale and patented before sale, was then merged in the land and not to be sold as a certificate. (Pr. 457–459.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

*Fisher, Sears & Campbell,* for appellants.—To us it is so plain that the administrator sold the certificate and not the land, that we wonder how two minds could differ about it. As the certificate was sold after the land was located, we submit that on both reason and authority the sale was void. It is decided in East v. Dugan, 79 Texas, 329, that after location a certificate has served its function and is merged in the land, and a sale of the certificate by an administrator after it has been located does not convey the land. In Thompson v. Langdon, 87 Texas, 259, it is said: "We have held that a sale by an administrator of a certificate after it has been located will not pass the title to the land." In Hume v. Ware, 87 Texas, 383, this is held to be the law. In Jones v. Lee, 86 Texas, 46, Chief Justice Stayton holds the decision of East v. Dugan to

be correct. An unlocated land certificate is considered as personal property, but when located it is merged into and becomes part of the realty. Hearne v. Gillette, 62 Texas, 25.

*Baker, Botts, Parker & Garwood,* and *E. P. & Otis K. Hamblen,* for appellees.—In the absence of evidence in the probate proceedings conclusively showing that the bounty warrant only was sold, and not the land on which it was located, the court will presume that the Probate Court sold the land, as it should have done, and not the bounty warrant alone, as it should not have done. In a collateral attack, all presumptions are in favor of the regularity of the probate proceedings. Templeton v. Ferguson, 89 Texas, 57; Lyne v. Sanford, 82 Texas, 63. As to description: Lubbock v. Binns, 20 Texas Civ. App., 412; Whitaker v. Thayer, 86 S. W. Rep., 366.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The Court of Civil Appeals for the First District present for decision the following certified question.

"This was a suit of trespass to try title, brought by Mary L. Thayer, W. W. Thayer, Maria L. Clark, Harry I. Clark, Mary C. Skinner and Edgar Skinner against Jack Whittaker, Caroline Whittaker and others in the District Court of Harris County for the recovery of a part of the Moses Merritt survey of land in Harris County. From a judgment in favor plaintiffs the defendants, Jack Whittaker and Caroline Whittaker, have appealed. An important and controlling question in the case was whether the conveyance from Jacob De Cordova, as administrator of the estate of Proctor P. Hosley, to John Allen Southmayd was a conveyance of the certificate by virtue of which the land was located and patented, or of the land itself. The evidence shows that the estate of Hosley consisted of real and personal property. That by virtue of land warrant No. 2699 the land was located July 27, 1845, in two tracts of 640 acres each, and patented August 31, 1845. The application of sale was made to the Probate Court by the administrator July 28, 1845, and the order of sale was granted the same day. The order of court recited that the administrator had filed a petition praying for leave to sell the property of the estate, real, personal and mixed, and under oath stated that said application was made by the request of the heirs of Hosley; and upon said showing it was ordered that said administrator proceed to sell all property belonging to the estate, real, personal and mixed, with appraisement. The appraisers reported that they appraised "bounty claim in favor of Moses Merritt for 1,280 acres No. 2699 at $40.00." The account of sales showed that "the Moses Merritt claim for 1,280 acres was sold to J. A. Southmayd for $40.00." The court approved the sale as made. The deed from De Cordova, administrator, to Southmayd, dated September 1, 1845, recites that he made the sale on Tuesday, the first day of September, 1845, at the courthouse door of Harris County, within the hours prescribed by law, among other property "the aforesaid bounty claim for 1,280 acres of land granted to Moses Merritt by the government of Texas, signed by the Secretary of War and num-

bered 2699, together with all the land secured thereby, rights, issues, profits and claim to the same belonging." The field notes dated July 25, 1845, show that the 640 acres, of which the land in controversy is a part, was located by virtue of said bounty warrant, "being the residue of the land to which he is entitled by virtue of land warrant No. 2699, issued by the Secretary of War to said Merritt and by him transferred to said P. P. Hosley." The deed further recites that the administrator "advertised for sale all the property, real, personal and mixed" and "amongst other property the bounty land claim of Moses Merritt for 1,280 acres of land No. 2699, issued by the Secretary of War of this Republic . . .," and further, "the said bounty land claim for 1,280 acres was struck off and sold." The deed conveys "the aforesaid bounty claim for 1,280 acres of land granted to Moses Merritt by the government of Texas, signed by the Secretary of War . . . and numbered 2699."

"On the trial in the court below the introduction of the deed in question was seasonably objected 'to on the ground that it, and the proceedings in the estate of Hosley, showed that the administrator sold the certificate for the land after it had been located and that therefore the sale was void.

"On a former appeal of this case, the Court of Civil Appeals of the Fourth District on passing upon a like objection, held:

"'The first, second and third (assignments) insist that the conveyance from P. De Cordova, administrator of the estate of Proctor P. Hosley, to John Allen Southmayd, dated September 1, 1845, sold the certificate and not the land (the land at that time having been located and patented) and that the sale was void for that reason. We do not agree with this. The proceedings had in the Probate Court concerning the sale and conveyance indicate that the property intending to be, and which was, sold, was land, and upon the face of these proceedings the courts can not declare otherwise.' (86 S. W. Rep., 366.)

"On the present appeal, this court in passing on the same question, after quoting the above language from the opinion of the Court of the Fourth District, say:

"'We are not inclined to agree to that conclusion; but in view of the fact that the case was last tried in the court below upon this ruling, we do not think that we should disturb the judgment on the ground presented in this assignment.'

"The appellees having filed in this court a motion to certify the question to the Supreme Court, and because we are not inclined to agree with the decision rendered by the Court of Civil Appeals of the Fourth District as expressed in the above quotation, we respectfully certify for your decision the following questions:

"1st. Do the facts above set out evidence a sale of the land or only of the land certificate?

"2d. Did the sale and conveyance pass title to the land?"

In answer to the questions we deem it sufficient to say that we agree with the opinion expressed by the Court of Civil Appeals for the Fourth District on the former appeal, "that, upon the face of

these proceedings, the court can not declare" that the sale was of the certificate or warrant only and not of the land. Those proceedings contain descriptive matter sufficient to convey the title to the land in the absence of evidence that land was not sold; and, after this lapse of time, it should be presumed that a valid sale was made of that which the estate possessed and which was subject to sale, and not that a void sale was made of the certificate which, under the doctrine of East v. Dugan, 79 Texas, 329, had been merged in the land and was no longer the subject of such a sale.