JACK WHITTAKER ET AL. V. MARY L. THAYER ET AL.

Decided December 20, 1909.

**1.—Limitation—Ten Years—Statement by Occupant.**

After title to land has been acquired and is complete under the ten years statute of limitation, any statement by the claimant and occupant to the effect that he was not claiming the land, or was wanting to buy it from the owner would not have the effect of divesting him of the title.

**2.—Same—"Claim of Right"—Definition—Charge.**

In a suit of trespass to try title defendants claiming the land in controversy under the ten years statute of limitation, after the court had charged the jury in the language of the statute, requested the following charge: "If you believe from the evidence that defendants entered on the land sued for intending to claim 160 acres, and if you further believe that they remained in possession for ten years consecutively, claiming the same peaceably and adversely, as in the court's charge defined, then you are charged that such entry and possession, if any, would be 'under a claim of right' as this term is used in the court's charge." This charge the court refused. Held, error, in view of the evidence before the jury.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Fisher & Sears,* for appellants.—Where title has become vested by adverse possession, it is not lost by an admission by the possessor, made after the completion of the statutory period, that the possession was not adverse. Bruce v. Washington, 80 Texas, 368; Williams v. Rand, 9 Texas Civ. App., 631; Warren v. Frederichs, 83 Texas, 383; 1 Cyc., 1139; Rennert v. Shirk, 72 N. E., 546; Sage v. Rudnick, 69 N. W., 1096.

The charge being requested, should have been given. Whitaker v. Thayer, 38 Texas Civ. App., 537.

As it was applicable to the evidence: Norwood v. Boon, 21 Texas, 592; Burke v. Holmes, 68 S. W., 52.

The evidence being admissible for one purpose, but not for another, the court should have given the charge asked. Missouri, K. & T. Ry. Co. v. Collins, 15 Texas Civ. App., 21; McMorrow v. Dowell, 90 S. W., 729; Spiars v. Dallas Cotton Mills, 32 S. W., 777; Missouri, K. & T. Ry. Co. v. Cherry, 44 Texas Civ. App., 232; Hoefling v. Dobbin, 91 Texas, 214.

If defendants entered on the land intending to claim 160 acres, and remained on the land ten years, claiming the same without suit against them, and hostilely, this would have been a possession "under a claim of right," and the defendants were entitled to have this definition or explanation of the court's charge made to the jury. Revised Statutes, arts. 3343 and 3344; Link v. Bland, 43 Texas Civ. App., 519; Carpenter v. Coles, 77 N. W., 424; Wilber v. Cedar Rapids & M. R. Ry. Co., 89 N. W., 101.

*E. P. & Otis K. Hamblen* and *Baker, Botts, Parker & Garwood,* for appellees.

McMEANS, Associate Justice.—Plaintiffs, Mary L. Thayer and others, brought this suit on January 5, 1903, against the defendants, Jack Whittaker and wife, in trespass to try title for 129.9 acres of land out of the Moses Merritt survey in Harris County. Defendants answered by a plea of not guilty and the statute of limitation of ten years. The case was tried before a jury and resulted in a verdict and judgment for plaintiffs. Defendants appeal.

This is the third appeal. See Whitaker v. Thayer, 38 Texas Civ. App., 537, 48 Texas Civ. App., 508, and decision of Supreme Court on certified question, 101 Texas, 456.

The court charged the jury that the plaintiffs had shown title in themselves to the land sued for, and that they should return a verdict for plaintiffs, unless they found for defendants on their plea of ten years limitation; and in respect to this plea the court charged the jury substantially in the language of the statute.

On the trial the defendant, Jack Whittaker, testified, in effect, that he took possession of the land in controversy in the spring of 1892, having staked off what he thought was 160 acres, but which afterwards was ascertained to be only 129.9 acres, and that he thereafter held possession of the same until he was ejected after the first judgment was rendered against him, which was in May, 1904. It was shown by his testimony that the possession taken and held by him was of such character and for such length of time as is required to mature a title under the ten years statute. It was testified by plaintiff's witness, Davis, that Whittaker took possession of the land in the spring of 1892, and by several other witnesses that such possession began in 1892, the particular period of the year not being given. Defendants' witness, Harral, testified in effect that he was the agent of the owners of the land, and that in August, 1902, he went to the land and saw Jack Whittaker, and that Whittaker told him that he had gone on the land with a view of buying it, and that he wanted to buy it and to find the rightful owner. "He didn't make any claim of the property to me—didn't say one way or the other whether he claimed it or not." Three other witnesses testified for plaintiffs that Whittaker's possession did not begin until 1895 or 1896. Under this state of facts defendants requested the court to give to the jury a special charge which reads as follows:

"You are instructed that if you believe from the evidence that defendant Whittaker had peaceable and adverse possession of the land described in his answer for ten years consecutively under the circumstances set out and defined in the court's charge, then you are charged that any statement made by Whittaker after the completion of said ten years, if such were completed, to the effect that he was not claiming the land or was wanting to buy it from the owners or offering to sell it, would not have the effect of depriving the defendants of their rights to the land by virtue of their ten years possession, if there was such, had prior to such statements, if any were made."

The refusal of the court to give this charge is made the basis of appellants' first assignment of error, and we think the assignment should be sustained. While the testimony of Harral was admissible to be considered by the jury in connection with other evidence in determining the real nature of Whittaker's possession, the statement attributed to

Whittaker, if made at a time when the bar was complete, would not have the effect to divest him of the title if he had in fact acquired it in that manner; and the court, upon being requested, should have so instructed the jury. (Bruce v. Washington, 80 Texas, 368; Williams v. Rand, 9 Texas Civ. App., 631; Whittaker v. Thayer, 38 Texas Civ. App., 537.)

In defining adverse possession the court charged the jury that "by adverse possession is meant an actual and visible appropriation of the land, commenced and continued under a claim of right, inconsistent with and hostile to the claim of another." This definition follows the statute and is correct, and in the absence of requested instructions explaining the meaning of the phrase "under a claim of right," is sufficient. Appellants, however, requested the court to give a special charge, which reads as follows: "If you believe from the evidence that defendants entered on the land sued for intending to claim 160 acres, and if you further believe that they remained in possession for ten years consecutively, claiming the same peaceably and adversely, as in the court's charge defined, then you are charged that such entry and possession, if any, would be 'under a claim of right' as this term is used in the court's charge."

This charge was refused by the court; and appellants' second assignment of error is predicated upon the refusal of the court to give it. We think that under the facts of this case the charge should have been given, and that it was error to refuse it. (Link v. Bland, 43 Texas Civ. App., 519; Carpenter v. Cole, 77 N. W., 424.)

We have examined the other assignments of error presented in appellants' brief, and are of the opinion that no reversible errors are shown in any of them, and they are severally overruled.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

### ON MOTION FOR REHEARING.

In their motion for a rehearing appellees have called our attention to the fact that Maria L. Clark, who owned an undivided one-fourth interest in the land in controversy, had, in bar of Whittaker's plea of limitation of ten years, pleaded and proved her coverture during the time of Whittaker's possession, and that therefore Whittaker's possession could not be effective as against her right of recovery. This matter was not called to our attention in the briefs of either party, and was therefore overlooked. We think that the motion for rehearing should be granted, and that the judgment of the court below in favor of Maria L. Clark and her husband should be affirmed, and the judgment reversed and the cause remanded as to the other parties to the appeal, and it has been so ordered.

*Affirmed in part and reversed in part.*