Argued March 21, decided April 11, 1911.

## STOUT v. MICHELBOOK.

[114 Pac. 929.]

ADVERSE POSSESSION—CHARACTER AND ELEMENTS OF "ADVERSE POSSESSION.

1. To constitute an adverse possession, there must be a holding under claim of title and with an unconditional intent to hold the land against all the world.

ADVERSE POSSESSION—OPERATION AND EFFECT IN GENERAL.

2. Where the plaintiff has been in possession of farm land up to a fence since 1877, and his occupancy has been open, notorious, continuous, and exclusive under an unconditional claim of right and adverse to defendant, plaintiff's title extends to the fence, without regard to its slight diversions from the original divisional line.

From Yamhill: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE BEAN.

This is a suit brought by David Stout against M. Michelbook to restrain a trespass, involving the proper location of the dividing line between the lands of plaintiff and defendant, and, from a decree in favor of the latter dismissing the complaint, plaintiff appeals. Plaintiff is the owner in fee simple of the following described land:

"Beginning at a point on section line 22 chains and 35 links south of the northwest corner of section 17, in township 4 south, range 4 west, in Yamhill County, State of Oregon, running thence south, 85 deg. east, 26 chains and 25 links, to the west line of the donation land claim of John G. Baker; thence south, 37 chains and 64 links, to the southeast corner of the donation land claim of Madison Shadden; thence west, 25 chains and 90 links, to section line; thence north, 39 chains and 91 links, to the place of beginning, containing 98.41 acres."

Defendant is the owner in fee simple of land adjoining that of plaintiff on the east, described as "a portion of the donation land claim of John G. Baker and Catherine Baker, his wife, claim No. 48, notification No. 1,214, in township 4 south, of range 4 west, of the Willamette meridian, in the county of Yamhill, and State of Oregon,

beginning at the southwest corner of said donation land claim; thence east along the south boundary line of said claim, 14.07 chains, to a galvanized iron pipe 36"x2" set in ground.  Thence running north, 50.13 chains, to an iron pipe 1½"x30" set in center of county road; thence running north, 84 deg. 19' west, along the center of said county road, 14.20 chains, to an iron pipe 1½"x13" set in center of said county road on the west boundary line of said donation land claim; thence south along the west boundary line of said donation land claim 51.41 chains to the place of beginning, containing 71.59 acres, more or less."  Plaintiff claims the true dividing line to be an old fence, and asserts title, by prescription, to the land up to such fence.  Defendant claims the division to be that portion of the west line of the John G. Baker donation land claim No. 48, above described.  Defendant purchased his land on April 24, 1908.  He alleges that the boundary line is in dispute, and prays to have the same established.                          REVERSED.

For appellant there was a brief with oral arguments by *Mr. George G. Bingham* and *Mr. Roswell L. Connor.*

For respondent there was a brief with oral arguments by *Messrs. McCain & Vinton.*

MR. JUSTICE BEAN delivered the opinion of the court.

From the evidence of the different surveys, there is little question but that the boundary claimed by defendant is a portion of the original west line of the John G. Baker D. L. C., which must be taken to be the true dividing line between the parties herein, unless plaintiff has acquired title by adverse possession for the statutory period to the land in dispute.

The contention of defendant is that, while plaintiff has occupied and farmed the land up to the fence, his holding has not been adverse to defendant, for the reason that he

intended to claim title only to the true line. This contention, we think, is not borne out by the testimony. It appears from the evidence that the fence was old when plaintiff purchased the land in 1877, having ever since been rebuilt and maintained by him and defendant and his grantors; that the man from whom he purchased showed him this fence as the line with a stone monument in the center of the county road at its north end, which stone has since disappeared, probably when the road was graded, and a stone at the south end lying on the ground, which still remains; that the line indicated by the fence has ever since that time, 1877, been acquiesced in by the owners on both sides, and in no way questioned until a short time before the commencement of this suit; that plaintiff has been in actual continuous possession of his tract of land, farming the same, and claiming title up to the old fence ever since 1877; and that defendant and his grantors and predecessors in interest have during the same time been in the actual possession of the land on the east thereof, farming the same to the fence. About 1905 Granville Baker, then owner of the Michelbook tract, requested plaintiff to have the dividing line surveyed, as plaintiff asserts, for the purpose of surveying a line upon which to erect a new fence, and in December of that year Robert W. Jones, then county surveyor, made such survey, plaintiff being present, but no plat or field notes were filed in the office of the county surveyor or in the office of the recorder of conveyances; the only plat thereof being one made by Jones from memory at the time of the trial, and no boundary line was thereby established. This survey plaintiff repudiated, and pulled up the surveyor's stakes, and whenever the line indicated by the fence was questioned as being the true dividing line persistently contended that it was, at all times claiming title to the land up to the fence, and, when defendant undertook to remove the old fence and build his portion of the new

fence west of the old line, plaintiff objected thereto, instituting this suit to prevent the same. The evidence of defendant shows that at one time after the dispute arose he was willing to accept the line indicated by the old fence "all the way through."

1. The legal proposition of defendant that to constitute an adverse holding by plaintiff it must be under claim of title and with an unconditional intent to hold the land against all the world is not controverted.

2. After a careful perusal of all the evidence, with which we do not deem it necessary to encumber the record we are of the opinion that plaintiff's possession of the land to the fence since 1877 has been open, notorious, continuous, and exclusive, under an unconditional claim of right, and adverse to defendant, and that the case comes within the rule laid down in *Caufield* v. *Clark*, 17 Or. 473 (21 Pac. 443: 11 Am. St. Rep. 845) ; *Ramsey* v. *Ogden*, 23 Or. 347 (31 Pac. 778) ; *Gist* v. *Doke*, 42 Or. 225 (70 Pac. 704) ; *Cooper* v. *Blair*, 50 Or. 394 (92 Pac. 1074) ; *Sommer* v. *Compton*, 52 Or. 173 (96 Pac. 124, 1065). That the general line of the old fence without regard to the slight diversions is the true divisional line between the lands of plaintiff and defendant.

The decree of the lower court must be reversed and one entered here in favor of plaintiff, directing the circuit court to appoint three commissioners to establish and mark, by proper monuments, as provided by statute, the true dividing line herein indicated.

REVERSED: DECREE RENDERED.