Argued January 26, decided February 3, rehearing denied March 10, 1914.

# PARKER *v*. WOLF.*

(138 Pac. 463.)

**Adverse Possession—Requisites—Mistake as to Boundaries.**

1. Where a person, under a mistake as to boundaries, enters and occupies land not embraced in his title, claiming it as his own for the statutory period, he becomes vested with the title.

> [As to the essentials of adverse possession, see notes in 28 Am. St. Rep. 158; 88 Am. St. Rep. 701.]

**Adverse Possession—Tacking Possessions—Evidence.**

2. Title by prescription may be proven by parol, and may rest upon the successive adverse possession of different parties, which may also be proven by parol.

**Adverse Possession—Evidence—Competency.**

3. In ejectment, testimony that plaintiff and her predecessors in interest had claimed, occupied, and cultivated the contested ground up to a certain fence was competent; its weight being for the jury.

**Adverse Possession—Declarations—Boundaries.**

4. In ejectment, a question to a witness for defendant whether, while working on the disputed premises, he ever heard his employer discuss the disputed boundary line, not calling for a declaration against his own interest by plaintiff's predecessor in title, was properly excluded.

From Benton: JAMES W. HAMILTON, Judge.

---

*On the question of adverse possession due to ignorance or mistake as to boundary, see notes in 21 L. R. A. 829 and 33 L. R. A. (N. S.) 923. REPORTER.

Department 1. Statement by MR. JUSTICE BURNETT.

This is an action of ejectment for 2.83 acres of land, by Gertrude C. Parker against Otto Wolf, to which land the plaintiff claims title by prescription. She alleges in November, 1911, the defendant ousted her and still withholds possession of the premises, to her damage.

The answer denies all the allegations of the complaint. The defendant, further answering, states that on October 27, 1911, he was the owner in fee and in possession of the *locus in quo,* and is yet such owner and entitled to have the same, but that on February 4, 1912, the plaintiff ejected him therefrom and now withholds possession of the premises from the defendant, to his damage.

The reply traverses all the allegations of the answer. A jury trial resulted in a verdict and judgment for the plaintiff, from which the defendant appeals.

AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Henry L. Heil* and *Mr. J. F. Yates,* with an oral argument by *Mr. Heil.*

For respondent there was a brief over the name of *Messrs. McFadden & Clarke,* with an oral argument by *Mr. W. S. McFadden.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The pleadings present the anomaly of each party claiming to have been ousted by the other from the possession of the land. The plaintiff gave the evidence of a large number of witnesses about the history of the holding of the tract in question, tending to show that all her predecessors in possession had claimed,

occupied and cultivated the contested ground up to a fence forming the southern boundary of a certain county road, and rested. The defendant then moved "to withdraw the evidence submitted by the plaintiff from the jury, and strike it from the records, for the reason that it is only partial and not connected with the main fact in dispute, and therefore incompetent, and for the further reason that plaintiff has failed to show privity of interest between herself and those who occupied disputed premises at prior remote times, and that plaintiff has failed to show continuity of adverse possession for the statutory period." The court overruled the motion, and that decision constitutes the principal assignment of error noted in the appellant's abstract. The testimony tends to show on behalf of plaintiff that the premises in dispute were occupied many years ago; that farm buildings were erected thereon, orchards planted, other improvements made, and possession maintained to the fence mentioned. No question seems to have been raised about where the true paper line was located upon the ground until within a year or two prior to the commencement of this action. The matter was brought to a head by the defendant purchasing premises across the road and erecting a wire fence on the south line of the disputed tract, which boundary runs through the dwelling-house and some of the outbuildings on the premises.

1. It is laid down in *Caufield* v. *Clark,* 17 Or. 473 (21 Pac. 443, 11 Am. St. Rep. 845), that where a person, under a mistake as to the boundaries, enters and occupies land not embraced in his title, claiming it as his own for the requisite statutory period, he thereby becomes vested with the title thereto by possession, although his entry may have been founded upon a mistake. This has been the settled rule in this state and is followed in subsequent decisions. In *Dunnigan* v.

*Wood,* 58 Or. 119 (112 Pac. 531), Mr. Justice BEAN reviews the authorities and reaffirms the doctrine: See, also, *Stout* v. *Michelbook,* 58 Or. 372 (114 Pac. 929).

2, 3. It is also ruled, in *Vance* v. *Wood,* 22 Or. 77 (29 Pac. 73), that title by prescription may be proven by parol, and may rest upon adverse possession of different parties in interest, successive to each other. This succession may also be proven by parol, and does not necessarily rest in deed. In *Oregon Ry. & Nav. Co.* v. *Hertzberg,* 26 Or. 216 (37 Pac. 1019), and in *Browning* v. *Lewis,* 39 Or. 11 (64 Pac. 304), Mr. Justice MOORE says that "a prior possession of land for any length of time is *prima facie* evidence of title"; and Mr. Justice EAKIN says the same thing in *Sommer* v. *Compton,* 52 Or. 173 (96 Pac. 124, 1065). In *Skottowe* v. *O. S. L. etc. Ry. Co.,* 22 Or. 430 (30 Pac. 222, 16 L. R. A. 593), *Ferrari* v. *Beaver Hill Coal Co.,* 54 Or. 210 (94 Pac. 181, 95 Pac. 498, 102 Pac. 175, 1016), it is held in substance that acts of ownership over real property, such as making repairs on structures, are circumstances tending to show that the premises belong to or are under the control of the parties doing the acts. This is in consonance with the presumption "that a person is the owner of property from exercising acts of ownership over it * * *": Section 799, subd. 12, L. O. L. The testimony which the defendant sought to have stricken out was competent on the question involved. Its weight was for the jury, and those triers of fact were entitled to consider it under proper instructions by the court as to the law.

4. It is assigned as error that the court refused to allow a witness for the defendant to answer the following question: "During the time you were working there [on disputed premises for Mr. Skipton], did you

ever hear Mr. Skipton discuss the boundary line running in front of his house and dividing his land from the land north?'' A mere discussion of the boundary does not necessarily imply an admission as to its true location. The question does not call for a declaration against his own interest by plaintiff's predecessor in title, and hence was properly excluded.

Other errors are predicated upon verbal criticisms of answers of witnesses who were narrating acts of possession by people who were formerly on the premises, in which the witness spoke of those persons having owned the tract. The essence of the defendant's objection seems to be that title or ownership could be proven only by deed. Counsel for the defendant, as shown by the bill of exceptions, frequently urged that oral testimony was not the best evidence, and that ownership should be shown by the muniments of title. But, as we have seen under the authority of *Caufield* v. *Clark,* 17 Or. 473 (21 Pac. 443, 11 Am. St. Rep. 845), and other cases, title by adverse possession, as well as the tacking necessary to complete the same, may be shown by parol.

Other errors are assigned, but we deem them hypercritical, unsubstantial, and not sufficient within the meaning of Article VII, Section 3, of the Constitution, to reverse the verdict of the jury.

The judgment is affirmed.

AFFIRMED: REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.