NERIO v. CHRISTEN et al. (No. 5741.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1916.)

1. EVIDENCE ⬤═273(4)—ADVERSE HOLDING—ADMISSIBILITY.

A statement made by the possessor of land that his possession was held in subordination to the real title is admissible on the issue of whether or not the possession was adverse.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1115, 1116; Dec. Dig. ⬤═273(4).]

2. EVIDENCE ⬤═313 — ADVERSE HOLDING — WEIGHT.

An admission by the possessor of land that his possession was held in subordination to the real title, if made during the period relied upon, should be given conclusive effect, but, if subsequent to such period, is to be considered with

other evidence in determining whether the possession was adverse.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1166, 1167; Dec. Dig. ☞313.]

**3. ADVERSE POSSESSION** ☞115(5)—**NATURE OF CLAIM—QUESTION OF FACT.**

Where title to land is claimed by adverse possession, the nature of possessor's claim as an adverse holder. is a question of fact.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 314, 696, 697, 699, 700; Dec. Dig. ☞115(5).]

**4. APPEAL AND ERROR** ☞1010(1)—**REVIEW—FINDINGS.**

Where title to land is claimed by adverse possession, and there is no evidence other than the mere fact of possession, and an admission to the effect that the possession was in subordination to the claim of the owner, a finding that the possession was not adverse must be upheld on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981; Dec. Dig. ☞1010(1).]

**5. ADVERSE POSSESSION** ☞85(3)—**EVIDENCE—SUFFICIENCY.**

Under Rev. St. 1911, art. 5681, defining "adverse possession" as an actual and visible appropriation of the land commenced and continued under a claim of right inconsistent with and hostile to the claim of another, in an action to recover land, evidence of the character of plaintiff's possession of the land, which, in the absence of other evidence, would support a finding that it was adverse, coupled with plaintiff's testimony that he went on the land intending to pay rent for it to any one who proved himself to be the real owner and the first time he intended to claim was "this year," *held* to support a finding that his possession was not adverse.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 503, 688–690; Dec. Dig. ☞85(3).

For other definition, see Words and Phrases, First and Second Series, Adverse Possession.]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by Susano Nerio against L. J. Christen and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Greer & Hamilton, of Laredo, for appellant. Mann & Henry, of Laredo, for appellees.

MOURSUND, J. Susano Nerio sued L. J. Christen, Albert Urbahn, John H. Davis, Mrs. L. J. Hamilton, and Frederico Ayala on October 15, 1915, seeking to recover a small tract of land within the limits of the city of Laredo, pleading specially title by limitation under the statute of limitations of 10 years. Defendants answered by general denial and plea of not guilty. The trial without a jury resulted in a judgment in favor of defendants.

Appellant contends the judgment is contrary to the evidence, in that the evidence disclosed that plaintiff had been in actual, open, peaceable, and adverse possession' of the premises described in his petition for more than 15 years, cultivating, using, and claiming the same as his own.

It appears that plaintiff inclosed the land in controversy and used it for a long period of time, 20 years or more, but upon demand being made by defendant Ayala for possession thereof he surrendered possession, removed his fence, and delivered to Ayala a part of the crop as rent. Upon being asked upon cross-examination when was the first time he decided to claim the land, he replied: "This year." The court interrogated him at considerable length in regard to his claim. It is unnecessary to state the questions and answers, and would unnecessarily prolong the opinion. Suffice it to say that he stated he went upon the land thinking that if any one should claim it he would pay rent for it; that he had such intention as long as it might take for the real owner to appear; that he had made up his mind to pay the rent provided he proved he was the real owner. He repeated the statement that the year of the trial was when he first claimed to own the land.

In order to acquire title by virtue of article 5675, R. S. 1911, the possession must be adverse for a period of 10 years, and article 5681 defines adverse possession as:

"An actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

"The character of possession which is necessary to sustain the statute of limitation for either of the three periods is expressed in [Rev. St. 1895] articles 3340, 3342, and 3343 to be 'peaceable and adverse possession.' To constitute adverse possession it must be taken and held with the intention to claim the land so occupied. Schleicher v. Gatlin, 85 Tex. 270 [20 S. W. 120]; 1 Am. & Eng. Ency. Law, p. 791, and authorities in the note; Caufield v. Clark [17 Or. 473, 21 Pac. 443] 11 Am. St. Rep. 845; Winn v. Abeles, 35 Kan. 85 [10 Pac. 443, 57 Am. Rep. 138]." Holland v. Nance, 102 Tex. 183, 114 S. W. 346.

"Possession, with the exercise of such rights as pertain to an owner alone, must be deemed sufficient evidence of adverse claim, in the absence of some evidence indicating that it is held in subordination to the title of the * * * owner." Craig v. Cartwright, 65 Tex. 424.

"In order for possession to be adverse to the true owner it 'must be of such a character as to indicate unmistakably an assertion of claim of exclusive ownership in the occupant.'" Bender v. Brooks, 103 Tex. 334, 127 S. W. 168, Ann. Cas. 1913A, 559.

In the instant case the character of possession was such as would, in the absence of other evidence, support a finding that it was adverse, but there is other evidence which conclusively destroys the inference that the possession was adverse. Plaintiff's own testimony shows that he held the land in subordination to the real title. Mhoon v. Cain, 77 Tex. 316, 14 S. W. 24; Texas Western Ry. Co. v. Wilson, 83 Tex. 157, 18 S. W. 325; Whitaker v. Thayer, 38 Tex. Civ. App. 537, 86 S. W. 364; Id., 58 Tex. Civ. App. 282, 123 S. W. 1137; Rushing v. Lanier, 132 S. W. 528.

[1-5] Appellant relies upon the cases of Bruce v. Washington, 80 Tex. 368, 15 S. W. 1104, Cattle Company v. Barnhart, 147 S. W. 662, and L. & T. Lumber Co. v. Stewart, 148

S. W. 1193, wherein it is held that admissions made after title has been acquired by limitation cannot affect such title. A statement by the possessor to the effect that his possession was held in subordination to the real title is admissible in evidence upon the issue whether the possession was adverse. If such admission is made during the period relied upon to establish the limitation title, it has been suggested it should be given conclusive effect. If made subsequent to such period, it is to be considered with other evidence in determining whether the possession was adverse. Whitaker v. Thayer, supra; Hunter v. Malone, 108 S. W. 709; Williams v. Rand, 9 Tex. Civ. App. 631, 30 S. W. 509. The nature of the possessor's claim is a fact inquiry, and when a jury or the court has found upon sufficient evidence that the claim of right existed coincident with the possession for the statutory period, such finding establishes that the subsequent admission has been considered and discarded as untrue. When there is no evidence other than the mere fact of possession and an admission to the effect that the possession was in subordination to the claim of the owner, though made after the period of time relied upon, a finding by a court or jury that the possession was not adverse would have to be upheld by the appellate courts, and when the admission is made by the possessor upon the witness stand in the very case in which he assumes the burden of showing adverse possession, it should be received as much more conclusive than when made under other circumstances.

In the case of the Texas Western Ry. Co. v. Wilson, hereinbefore cited, one of the directors furnished the only evidence bearing immediately upon the question whether the possession was under a claim of right. He said:

"We went on the land and have never paid for the right of way. We expected and intended to pay for it when called upon at any time by the owner."

It was held that no claim of right in the railway company independent of and antagonistic to the owner was shown. There can be no doubt that, when the possessor testified as did appellant in this case, the court is justified in finding that his possession was not adverse. In fact, we do not see how the court could have decided otherwise.

The judgment is affirmed.