Argued March 10, affirmed April 12, 1921.

# HURLBURT *v.* CHRISMAN.

### (197 Pac. 261.)

**Mortgages—Deed to Creditor With His Contract Back Constituted Mortgage.**

1. A deed to defendant executed by plaintiff's mother, accompanied by contract by defendant to sell the land to plaintiff's mother on her paying him the precise amount of her indebtedness to him and half of the taxes, constituted a mortgage.

**Limitation of Actions—Cause of Action for Redemption Arose in Favor of Mortgagor Against Mortgagee When He Took Possession.**

2. Where the mortgagee of land went into possession without foreclosure with the consent of the mortgagor, who desired to avoid suit, immediately on his taking possession a cause of suit for redemption of the land arose in favor of the mortgagor, and the statute of limitations against such cause of suit in her favor began to run at once.

**Mortgages—Running of Redemption of Limitation Statute will not be Interrupted by Subsequent Occurrences.**

3. The statute of limitations against mortgagor's right to redeem the mortgaged land in the mortgagee's possession, having once begun to run, will not be interrupted by subsequent occurrences.

**Mortgages—Mortgagor had Notice Mortgagee was Holding Otherwise Than as Mortgagee in Possession.**

4. Where, under the oral agreement between mortgagor and mortgagee, grantee under a deed absolute in form, the mortgagee was to enter into possession as absolute owner of the property, the mortgagor had notice that he was holding in some other character than that of mortgagee in possession, sufficiently to initiate the adverse possession which, if persisted in for ten years continuously, ripened into title in fee simple in the mortgagee, under Section 5, Or. L.

**Mortgages—Mortgagor Could not have Brought Suit to Redeem, Unless Within Ten Years After Mortgagee Took Possession.**

5. The right to redeem from mortgage being correlative to the right to foreclose, a mortgagor could not have brought suit to redeem unless she commenced it within ten years after the mortgagee took possession of the premises by agreement.

## From Lane: JAMES W. HAMILTON, Judge.

1. Deed absolute in form with agreement to reconvey as mortgage, see notes in 17 **Am. Dec.** 300; **Ann. Cas.** 1914C, 1079.

Department 2.

The plaintiffs are children of Mrs. E. E. Cummins. The two defendants are husband and wife, the former of whom for convenience will be treated herein as the sole defendant. The complaint alleges, in substance, that on April 2, 1900, the mother of the plaintiffs was the owner in fee simple of certain described lands in Lane County, and at that time was indebted to the defendant in the sum of $4,000, to secure which she delivered to him a warranty deed conveying to him the property, and that the defendant, at the same time, for the purpose of showing the nature of the transaction and of protecting the grantor in her rights in the land, made a contract with her whereby he agreed to convey it to her or her successors in estate upon payment to him of the debt, with interest. It is said that the deed was recorded in the deed records of Lane County. It is further asserted that, soon after the deed was executed, as stated, the defendant went into possession of the property, and has collected the rents, issues, and profits thereof, which were to be applied first to the payment of taxes and then to the liquidation of the debt and interest. The plaintiffs aver that the defendant continues to occupy the premises and refuses to account for the income thereof, and they allege on information and belief that he has received enough from the property to pay the debt and taxes; that he has never foreclosed the deed, which they assert to be a mortgage, and that while he yet held under the deed, Mrs. Cummins died, leaving the plaintiffs as her sole heirs. They say they have made a demand upon the defendant for an accounting in respect to the mortgage, interest, taxes, and rentals, and that they have offered to

redeem said premises by the payment of all sums found due on said mortgage, and are now willing to pay the defendant any amount which may be ascertained by the court to be due him. The prayer is that the deed, thus absolute on its face, be declared to be a mortgage and that they have privilege to redeem the property.

The answer admits that on April 2, 1900, Mrs. Cummins was the owner of the property, but denies all other allegations in the complaint. For further defense it alleges, in substance, the giving of the deed as a conveyance, and the contemporaneous execution of an agreement between the defendant and Mrs. Cummins to the effect that the defendant should sell the property to her on condition that she should pay the purchase price of $4,000 on January 1, 1903, with interest at the rate of 8 per cent, and one half of the taxes levied on the land; that, if she should fail in her promise to pay, the agreement should be forfeited on her part and should be at an end; and that she should have possession of the property as long as she observed the contract, but in case of default therein she should immediately surrender possession of the land to the defendant. It is said, too, that she kept possession of the property until the spring of 1901 and had failed to pay anything whatever on the contract; and that at that time, being so in default, she entered into an additional agreement with the defendant to the effect that she delivered up the possession of the real property to him, released to him all claim she had against it and released and relinquished all her right, title, interest, and estate in the realty, together with her right to redeem the same, and in consideration therefor the defendant released her from all claims he had against her on

account of the contract. The defendant says that the whole matter was settled between them to the effect that he canceled the debt against her and she canceled, surrendered, and released all her estate in the land and delivered possession thereof to him, with the agreement that he should be and was the absolute owner in fee simple of the same, and that he took possession thereof as such owner in fee simple, and has had and held possession of the same as such owner continuously ever since said date, with notice to and knowledge of Mrs. Cummins and the plaintiffs, without interruption or objection until the commencement of this suit. The same matter is pleaded as constituting adverse possession for more than ten years, and again, substantially constituting laches on the part of the plaintiffs.

The reply denies all of the new matter in the answer, except as alleged in the complaint and in the reply. Further, plaintiffs say that continuously from the time of making the conveyance to Chrisman the mother was in poor health and unable to attend to any business, and that when he entered upon the premises he did so as a mortgagee in possession, and not otherwise. They say also that, when the mother died, the plaintiff Royal Cummins was a minor of the age of thirteen years; that neither he nor the other plaintiffs knew anything about the transaction between their ancestor and the defendant until shortly before the commencement of this suit; and that all of the facts relative to the contents of the contract were kept from the plaintiffs by the defendant, on account of which the latter ought not to be heard to say in equity that the plaintiffs have been guilty of laches, and ought to be estopped to make the defense of laches.

After a trial the Circuit Court made findings of fact and conclusions of law to the effect that the deed was intended as a mortgage and was so accepted by the defendant, and that in pursuance of the oral agreement of the spring of 1901 the defendant took possession of the property, claiming to be the owner thereof, and ever since that date has continuously been in possession under such claim. The conclusion was that the plaintiffs' right to maintain the suit was barred by the lapse of time, and the suit should be dismissed. From the decree rendered accordingly, the plaintiffs appeal.        AFFIRMED.

For appellants there was a brief over the names of *Mr. C. A. Hardy* and *Mr. C. N. Johnston,* with an oral argument by *Mr. Hardy.*

For respondents there was a brief and an oral argument by *Mr. A. C. Woodcock.*

BURNETT, C. J.—1. It is a matter of little difficulty to reach the conclusion that the deed, which was accompanied by a contract to sell the land to the mother of the plaintiffs on her paying to the defendant the precise amount of the indebtedness and one half of the taxes, constituted a mortgage. We may arrive at that from the answer of the defendant, together with his own testimony. He says in his pleading that, by virtue of the oral agreement made in the spring of 1901, the mother "released her right to redeem said real property" and that he "canceled the debt against said E. E. Cummins." These indicia appearing in the pleading of the defendant himself clearly show that the transaction based upon the deed and written contract was a mortgage. The existence of a debt to be paid is one

of the most convincing tests of a mortgage: *Davis v. Fleming,* 12 W. Va. 246; *Bickel* v. *Wessinger,* 58 Or. 98 (113 Pac. 34); *Caro* v. *Wollenberg,* 68 Or. 420 (136 Pac. 866).

Again, we find the defendant, after recounting the amounts Mrs. Cummins owed him upon some previous mortgages which he held upon the place, when he was asked, "Did you pay her any money besides what she owed you?" saying in his testimony:

"Yes, enough to make up the difference; enough to make what they owed me $4,000."

Further he said: "I just simply took the property and cleared up the debt." He also testified to the effect that part of the $4,000 loan which he made her was represented by the $2,000 which was paid. He was asked, "And you required that the taxes be cleared up out of the money, didn't you?" and answered:

"Yes; they were to clear the record. ·

"Q. So that you would have a mortgage lien upon the property for $4,000, treating the deed as a mortgage?

"A. Yes."

The situation, then, at the time the parties came to make the oral agreement in the spring of 1901, was clearly that of a mortgage, the terms of which the mortgagor had failed to meet. The mortgagee at that time, if he could do so peaceably, could enter upon the possession of the premises and retain them until the rents, issues, and profits thereof should repay the debt, or the same was otherwise liquidated. The defendant is not disputed in any wise in his testimony about the oral agreement had in the spring of 1901. He declares on oath thus:

100 Or.—13

"Mrs. Cummins came up and she wanted—she said she hadn't got anything, practically speaking, for the place—enough to pay the interest or taxes; but she said she had no encouragement to show, even if I let it run over, or words to that effect. She wanted to give the thing up. She didn't want to be bothered with it, and didn't want me to sue her or words along that way, and wanted me to take the place over, and I finally agreed to take the place over from her. * * She wanted me to take the place and relieve her. So I took it. That I wouldn't bring any suit against her and have trouble. She wasn't able to pay it. She gave me possession of it. She said she wanted to give me possession of it, and wanted to be relieved of it, and wanted me to accept it, and I agreed to. * * She wanted to be released, and wanted to relieve me, to close up the transaction, the whole transaction. I agreed to take possession of it, and did take possession of it. * * I certainly did claim to be the owner.

"Q. I will ask you directly, when you took possession of the place, did you take possession as mortgagee?

"A. No, sir. I didn't so understand it at all. I just simply took it and cleared up the debt. * * I have just held it the same as if I had bought it of somebody else."

The law governing this case is well settled by *Caro* v. *Wollenberg,* 68 Or. 420 (136 Pac. 866.) The principle affecting the present contention is there laid down in this language by Mr. Justice BEAN:

"When a mortgagee enters into possession of the mortgaged property under a void foreclosure, he is presumed to hold as mortgagee in possession, and limitation does not run in his favor, or in favor of his grantees, against a suit for redemption and for an accounting by the mortgagor, which is a continuing right, unless there is an actual notice to the mortgagor that they claim to hold in some other right adverse to the mortgage."

2, 3. It is unquestioned that the defendant went into possession of the property and has maintained actual physical possession of the same ever since. Immediately upon his taking possession, a cause of suit for redemption of the land arose in favor of Mrs. Cummins. The statute of limitations against this cause of suit in her favor began to run at once. It is a familiar principle that the statute, having once begun to run, will not be interrupted by subsequent occurrences. Her children stand in no better plight in that respect than would Mrs. Cummins herself; and they did not commence this suit within the ten years prescribed for commencing a suit on a sealed instrument: Section 5, Or. L.

4. Under the oral agreement of the spring of 1901, as to which the defendant is undisputed, he was to enter into possession of the property as the absolute owner thereof. Mrs. Cummins thus had notice that Chrisman was holding in some other character than that of a mere mortgagee in possession, within the meaning of the excerpt from *Caro* v. *Wollenberg,* 68 Or. 420 (136 Pac. 866). This claim, however ill founded in law at the time, was an actual claim on the part of Chrisman to be the owner of the land absolutely from that date forward. Of this claim Mrs. Cummins had full knowledge. Indeed, she participated in the promulgation of that claim. It was sufficient to initiate that adverse possession which, if persisted in for ten years continuously, ripens into title in fee simple in the adverse claimant, under such precedents as *Caufield* v. *Clark,* 17 Or. 473 (21 Pac. 443, 11 Am. St. Rep. 845); *Dunnigan* v. *Wood,* 58 Or. 119 (112 Pac. 501); *Moore* v. *Fowler,* 58 Or. 292 (114 Pac. 472); *Stout* v. *Michelbook,* 58 Or. 372 (114 Pac. 929); *Parker* v. *Wolf,* 69 Or. 446

(138 Pac. 463); *Parker* v. *Kelsey,* 82 Or. 334 (161 Pac. 694); *McKinney* v. *Hindman,* 86 Or. 545 (169 Pac. 93, 1 A. L. R. 1476); *Krueger* v. *Brooks,* 94 Or. 119 (184 Pac. 285); *Looney* v. *Sears,* 94 Or. 690 (185 Pac. 925, 186 Pac. 548).

*Caro* v. *Wollenberg,* 68 Or. 420 (136 Pac. 886, [S. C., 83 Or. 311, 163 Pac. 94]), is to be distinguished as to the facts from the instant suit in this: There the erstwhile mortgagee avowed that he was claiming under the deed, which as he said was given in lieu of the former mortgage with a defeasance effective on payment of the old debt, which made the deed unquestionably a mortgage. Claiming as he did under such an instrument, and not otherwise, his possession was not adverse, as pointed out in the opinion of Mr. Justice BEAN. Here the defendant claims, not under the deed, which amounts to a mortgage, but under the subsequent parol agreement that he should from thenceforward be the owner of the land. This, indeed, did not foreclose the mortgage or convey the land to him, but it did operate to initiate an adverse claim of ownership, which, coupled with his subsequent hostile possession for more than ten years, served to vest title in him in fee simple, under the precedents cited above.

5. Another view of the situation is that because more than ten years have elapsed since the making of the deed which was in very truth a mortgage, the defendant could not bring suit to foreclose his mortgage: *Anderson* v. *Baxter,* 4 Or. 105. The right to redeem is correlative to the right to foreclose, from which arises the deduction that Mrs. Cummins, in whose shoes stand the plaintiffs here, could not have brought suit to redeem unless she commenced within ten years after the defendant took possession of

the land. Well might she have commenced at any time within that ten years, notwithstanding the fact that under the oral agreement Chrisman had gone into possession, claiming to own the land; for it is said as early as *Thompson* v. *Marshall*, 21 Or. 171 (27 Pac. 957), and continuously to the present time, that such an instrument is a mortgage, whatever the parties themselves may have styled it, and that without foreclosing, the mortgagee cannot obtain title under his mortgage. The conclusion is that, while the oral agreement of the spring of 1901 could not pass title or dispense with foreclosure, it would amount to the initiation of an adverse claim, all with the knowledge of the mortgagor, which ultimately at the expiration of ten years ripened into an adverse title in fee simple.

The result is that the decree of the Circuit Court must be affirmed.                                    AFFIRMED.

BEAN, JOHNS and BROWN, JJ., concur.