[Filed January 10, 1887.]

## REUBEN JOY *v.* CUTHBERT STUMP.

EJECTMENT—STATUTE OF LIMITATIONS.—Adverse possession of real estate for the statutory period in this state, confers such a title as will support an action of ejectment.

SAME—COLOR OF TITLE.—When one goes into possession of lands under color of title, duly recorded, in which the boundaries of the tract are defined, this operates as constructive notice to all the world of the occupant's claim to the extent of the defined boundaries.

SAME—POSSESSION AS FOUNDATION OF TITLE.—Where one relies upon a naked possession as the foundation of an adverse claim, there must be an actual occupancy, and the possession cannot be extended by construction beyond the limits of such actual occupation.

COLUMBIA COUNTY.　Plaintiff appeals.　Reversed, and new trial ordered.

*A. S. Bennett,* for Appellant.

" As a general doctrine, it has been too long established to be now in the least degree controverted, that what the law deems a perfect possession, if continued without interruption during the whole period which is prescribed by the statute for the enforcement of the right of entry, is evidence of a fee." (Angell on Limitations [6th ed.], 384.)　Our statute is declaratory of this doctrine.　(Civil Code, p. 260, § 765, Subds. 13 and 38.) It is also sustained by the direct decision of this court.　(*Parker* v. *Metzger*, 12 Or. 407.)　Even a prior possession for a period less than the statute of limitations under claim of right is *prima facie* sufficient to support ejectment. (Angell on Limitations, 386; *Smith* v. *Lorillard*, 10 Johns, 338; *Den* v. *Morris*, 7 N. J. Law, 6; *Burt* v. *Panjaud*, 9 Otto, 180; *Thompson* v. *Burhands*, 79 N. Y. 94.)

*B. Killen,* for Respondent.

STRAHAN, J.—This is an action of ejectment, which, under the direction of the court, resulted in a verdict and judgment for the defendant, from which judgment this appeal is taken. The title upon which the plaintiff sought to recover was one founded entirely upon the statute of limitations; and to establish such title he sought to prove, *first*, That those under whom he claimed entered into the possession of the premises in controversy under a deed which described the same; *second*, Sundry mesne conveyances purporting to convey title to the grantees respectively named therein, down to the plaintiff; and, *third*, Evidence of possession accompanying each conveyance, and continuing without interruption for more than twenty years; and that such possession was during all that time hostile and adverse. But the court excluded all of this evidence, to which ruling of the court proper exceptions were taken.

By the pleadings each party claimed to be the owner in fee, and to be entitled to the possession of the premises in controversy.

1. The first question for our consideration is this: Can a plaintiff recover in an action of ejectment founded upon adverse possession alone? Our Civil Code, Sec. 313, provides: " Any person who has a *legal estate* in real property and a present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action at law " * * * * It is said in *Chapman* v. *Dougherty*, 87 Mo. 617: " In our statutory ejectment all the constituent elements of title are involved: possession, right of possession, and right of property. Now, title may be defined, generally, to be the evidence of the right which a person has to the possession of property. (2 Abbott's Law Dict. 566.) Title is where a man has lawful cause of entry into lands whereof another is seized; and it signifies, also, the means whereby a man comes to lands or tenements, as by feoffment, last will and testament, etc. (Jacob's Law Dict. 245.) And it is elsewhere defined as the means whereby an owner possesses his property justly, or the evidence of ownership." (Wharton's Law Lex. 824.) And in an action which

brings the title in question, something more is involved than the actual occupation, or mere *pedis possessio*. It is one which involves the *justa causa possidendi*. (*Gregory* v. *Kanouse*, 11 N. J. L. 62.)

The effect of an adverse possession for a sufficient length of time under the statute to bar an entry is not an open question in this court. It was adjudged in *Parker* v. *Metzger*, 12 Or. 407, after a careful examination of the authorities. It was there said by Lord, J. : " But the question here directly is whether our statute bars the right and vests the title in the party who brings himself within its provisions. If it does this, then it is conceded the suit may be maintained. This question has been very ably and thoroughly examined and answered by Mr. Justice Sawyer, in *Arrington* v. *Liscom*, 34 Cal. 380. In that case, the suit was, as here, to quiet title ; and after an elaborate review of the authorities, the result reached was that adverse possession for the full period limited by the statute confers title ; and that it is such title as entitles the holder to all the remedies to quiet his possession that are incident to possession under written titles."

The opinion continues, quoting from Angell on Lim. : " It is also unquestionable, that where land has been held under a claim to the fee for the time prescribed by the statute, and an entry is made by the party who has a written title, such party may be dispossesed by an ejectment brought by him who has so held and claimed. This was so held in *Jackson* v. *Olitz*, 8 Wend. 440. The lessor of the plaintiff had been in the possession for the period prescribed by the statute, claiming title under a patent. Defendants afterwards entered and held under a title which had been judicially determined to be valid. The action was brought by the plaintiffs, relying on the title acquired by adverse possession, against defendants holding such paper title, and a recovery had. The court says : " If the possession was adverse, and had been so for more than twenty years, as it had in this case, then the possession ripened into a title, and the plaintiff must recover against the defendant, though the paper title to the fifty acres is in reality not in him." The same principle was recognized in *Jackson* v. *Diefendorf*,

3 Johns. 269, and in *Jackson* v. *Rightmire*, 16 Johns. 314. Mr. Chancellor Kent says that showing a possession of thirty-eight years, under a claim of right, was showing an absolute right of possession sufficient to toll an entry." (*Charles* v. *Conley's Heirs*, 9 Dana [Ky.] 385.)

2.　The deeds offered in evidence on the part of the plaintiff were clearly admissible. When a person goes into the possession of land under color of title duly recorded, in which the boundaries of the lot or tract are defined, this operates as constructive notice to all the world of his claim, and also of its extent, so that a sufficient occupancy of a part of the lot carries with it, by construction, the possession of the entire premises described by his conveyance, when the boundaries are well defined. (*Simpson* v. *Downing*, 23 Wend. 316; *Golson* v. *Hook*, 4 Strobh. [S. C.] 23; *Janes* v. *Patterson*, 62 Ga. 527; *Munro* v. *Merchant*, 28 N. Y. 9; *Charles* v. *Conley's Heirs, supra; Kile* v. *Tubbs*, 23 Cal. 431; *Jackson* v. *Vermilyea*, 6 Cow. 678.)

3.　It is equally well settled, that when a person relies upon naked possession as the foundation for an adverse claim, there must be an actual occupancy, and the possession cannot be extended by construction beyond the limits of the actual occupation, and such possession must not only be actual, but also visible, continuous, notorious, distinct and hostile, and of such a character as to indicate exclusive ownership in the occupant. (Wood on Lim. of Actions, Sec. 257; *Ferguson* v. *Peden*, 33 Ark. 150; *Wells* v. *Jackson Iron Manufacturing Company*, 48 N. H. 491; *Ege* v. *Medlar*, 82 Pa. St. 86.)

The plaintiff, in harmony with the views above suggested, had the right to prove upon the trial, if he could, an adverse possession such as he offered to prove, and it was error in the court to refuse to permit him to do so. The court ought to have received the evidence offered, and then, under proper instructions to the jury, allowed them to determine whether an adverse possession was proven or not.

The judgment will, therefore, be reversed, and the cause be remanded for a new trial.

All concur.