Submitted on briefs without argument May 3, 1911.
Decided July 5, rehearing denied August 1, 1911.

## SWITZLER v. EARNHEART.*

[117 Pac. 296.]

NAVIGABLE WATERS—RIPARIAN OWNERS—BOUNDARIES.

1. Defendant owned land bordering on a navigable river which land was separated by a navigable arm of the river from an island containing unsurveyed government land. *Held,* that defendant's boundary extended only to ordinary high-water mark of the arm of the river separating his land from the island, and did not extend beyond the arm so as to include any portion of the island.

PUBLIC LANDS—ADDITIONAL HOMESTEAD.

2. The right to enter land as an additional homestead cannot be exercised upon unsurveyed land, and land taken must be contiguous to the land already occupied by the entryman, and land that is separated from the homestead by a meandered navigable arm of a navigable river is not contiguous.

PUBLIC LANDS—RIGHT OF SETTLER ON UNSURVEYED LAND.

3. Plaintiff settled upon and improved unsurveyed land with the intention of acquiring title when the land came into market. Defendant obtained possession of the land by a fraudulent agreement between himself and plaintiff's tenant and thereafter held possession by force and threats. *Held,* that plaintiff was in possession by his tenant, claiming the land against everybody but the United States, and defendant was a mere trespasser and could not defend his possession by showing that plaintiff was then the owner of 160 acres of land and therefore not capable of taking the land in question for a homestead.

PUBLIC LANDS—UNSURVEYED LAND—EVIDENCE OF POSSESSION.

4. Where plaintiff settled upon 80 acres of unsurveyed land, cleared nearly the entire tract, seeded it and raised hay thereon, and constructed a four-room dwelling house and furnished the same, his possession of the entire 80 acres was sufficiently indicated as against one who fraudulently obtained possession of it through the tenant of plaintiff.

From Umatilla: GILBERT W. PHELPS, Judge.

---

*This suit has been appealed and is now pending in the United States Supreme Court.—REPORTER.

Statement by MR. JUSTICE McBRIDE.

This is a suit by John B. Switzler against F. E. Earnheart, to restrain defendant from interfering with plaintiff's possession of certain lands situated upon Beavert Island in the Columbia River. The island in question is unsurveyed government land, and has been occupied for several years by different persons. In the year 1895 it was in the possession of M. D. Beavert, who improved it by planting a garden and putting several acres into alfalfa, and constructing a comfortable four-room dwelling house. In 1896 he sold his rights to plaintiff, who entered upon the land, built a fence so as to inclose, together with the natural inclosure made by the water, about 80 acres, and cultivated it principally in alfalfa. At the time of the alleged trespasses by defendant, the land produced about $800 worth of hay a year. He had a house, stables, corral, and garden. The house was furnished with beds, marble top furniture, and was a comfortable residence. The improvements exceeded $1,000 in value.

About January 1908, plaintiff leased the place to John D. Hatter for a period of five years, but subsequently the term was reduced to one year, and at the expiration of the year the term was extended for three months, expiring March 31, 1909, at which date Hatter was to surrender the premises to plaintiff. The defendant had taken a homestead containing about 142 acres immediately adjoining that arm of the Columbia River which separates Beavert Island from the mainland, and subsequently commuted it, after a residence of 14 months, receiving his final certificate from the government. He was residing upon this land immediately preceding the alleged trespass complained of.

In March 1909, defendant moved his family upon Beavert Island and located in a tent near plaintiff's dwelling house. By agreement with Hatter, he purchased

Hatter's hay, cows, and chickens, and Hatter vacated the premises, leaving defendant in possession. Defendant thereupon took possession of the house, threatening to shoot plaintiff if he attempted to enter, and entirely excluded him therefrom. Plaintiff harvested his hay crop, and thereafter brought this suit. There was a decree in his favor in the circuit court, and defendant appeals.                              AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Douglas W. Bailey* and *Mr. James B. Perry.*

For respondent there was a brief with oral arguments by *Messrs. Fee & Slater.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The land actually occupied and cultivated by plaintiff comprises about 80 acres, and is unsurveyed government land, separated from the land of defendant by a navigable slough or arm of the Columbia River, and there is nothing in defendant's contention that his line extended beyond this slough so as to include any portion of the land occupied by plaintiff.

Defendant's boundary extended only to ordinary high-water mark of the stream, separating Beavert Island from the mainland: *Oregon* v. *Portland General Electric Co.,* 52 Or. 502 (95 Pac. 722: 98 Pac. 160).

2. Neither was he entitled to take the land as an additional homestead. The right to enter land as an additional homestead cannot be exercised upon unsurveyed land. In addition to this fact, the land must be contiguous to the land already occupied by the intending entryman. The land in controversy was separated from defendant's homestead by a meandered navigable arm of the Columbia River and was no more contiguous to it than if it had been situated on the opposite side of the main river.

3. It is contended that plaintiff was the owner of more than 160 acres of land, and therefore not capable of

initiating a homestead. He testifies that he bought, settled upon, and improved the land, with a view of acquiring title by prescription or homestead, or any other way when it came into market. Whether he will be qualified at that time is a matter between him and the government, and in no way concerns this defendant, who does not show himself qualified at this time to make this settlement.

The evidence shows that defendant obtained possession by a fraudulent agreement between himself and plaintiff's tenant, and thereafter held possession by force and threats. He entered unlawfully, knowing that plaintiff claimed the land. Plaintiff was in possession by his tenant, claiming the land against everybody but the United States, and defendant was a mere trespasser. And the law will respect plaintiff's possession as against a trespasser. *Boe* v. *Arnold,* 54 Or. 52 (102 Pac. 290) ; *Gibson* v. *Chouteau's Heirs,* 39 Mo. 536; *Buxton* v. *Traver,* 130 U. S. 232 (9 Sup. Ct. 509: 32 L. Ed. 920). It is not the policy of the government to encourage forcible entry upon government land in the actual possession of another. *Atherton* v. *Fowler,* 96 U. S. 513 (24 L. Ed. 732) ; *Rourke* v. *McNally,* 98 Cal. 291 (33 Pac. 62) ; *Tidwell* v. *Chiricahua Cattle Co.,* 5 Ariz. 352 (53 Pac. 192).

4. The nature and extent of plaintiff's possession of the 80 acres where the house was situated was sufficiently indicated by the improvements made upon it by him. Practically the whole tract had been cleared and seeded to alfalfa. Upon the case made here the United States District Court held that plaintiff was entitled to relief against defendant, and, while that decree was reversed by the Circuit Court of Appeals (179 Fed. 832: 105 C. C. A. 260) upon the ground of lack of jurisdiction in the United States courts to entertain suits of this character, the judgment of the learned district judge, as to the law of the case, in other respects, is not without weight with

us. To allow defendant to enter without a shadow of right and dispossess plaintiff from his house and cultivated fields, would be an injustice which we cannot sanction. The decree is affirmed.

AFFIRMED: REHEARING DENIED.

Argued May 3, decided May 31; rehearing denied August 1, 1911.