### OREGON COAL & NAVIGATION CO. v. ANDERSON et al.

(Circuit Court of Appeals, Ninth Circuit. July 7, 1913.)

No. 2,153.

1. INJUNCTION (§ 37*)—RIPARIAN RIGHTS—ACCESS TO WATERS—SUIT TO PROTECT.

That the boundary lines of the shore lands of different riparian owners on tidewater, if projected beyond mean low tide, would intersect, does not raise a question of disputed boundary which must be determined by an action at law, under the law of Oregon by which such proprietors own only to high-water mark, the shore being the property of the state, but the right of such an owner to access to navigable water may be protected by injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 85; Dec. Dig. § 37.*]

2. NAVIGABLE WATERS (§ 43*)—RIPARIAN RIGHTS—ACCESS TO WATERS.

The water frontage belonging to the land of a riparian owner on a navigable stream or tidewater, over which he has the right of access and to wharf out to navigable water, is measured by lines extending at right angles from the shore line at the points where it is intersected by his upland boundaries.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 104, 256–265; Dec. Dig. § 43.*]

Appeal from the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Suit in equity by E. A. Anderson and R. B. Ierron against the Oregon Coal & Navigation Company. Decree for complainants, and defendant appeals. Affirmed.

This is a suit in equity brought by the appellees, plaintiffs in the court below, for an injunction to restrain the appellant, defendant in the court below, from driving piles or posts, or erecting any structure, on certain property situated in the town of Marshfield, Coos county, Or., alleged to be owned by the plaintiffs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The parties will be designated as in the court below. The plaintiff E. A. Anderson was the owner in fee of lot 16 in block 65 in Nasburg's addition to the town of Marshfield, Coos county, Or., and the plaintiff R. B. Herron was the owner in fee of lot 17, in block 65, in that addition. The lots in this block were bounded on their easterly and northerly sides by the shore line of Coos Bay, a navigable body of water wherein the tide ebbs and flows. The plaintiffs, as owners of said lots, claimed, as appurtenant thereto, the right and privilege to build docks or wharves out into the water of Coos Bay to the edge of navigable water. The principal value of said lots arose from the fact that the owners thereof had such right and privilege, and without such right and privilege the lots would be comparatively worthless.

It was alleged in the bill of complaint that the defendant, the Oregon Coal & Navigation company, by its agents and its employés, without any right, permission, or authority so to do, did, in the month of March, 1907, secretly, surreptitiously, and in the nighttime, go upon the submerged lands lying between plaintiffs' lots and the navigable water of Coos Bay and drive therein and thereon numerous piles and posts, which were firmly embedded in the soil and extended and protruded above the waters of Coos Bay a distance of from 6 to 12 feet, thus entirely shutting off the plaintiffs from all access to the ship canal and the navigable waters of Coos Bay; that the defendant threatened and gave forth that it would continue so to drive piles and posts in front of plaintiffs' lots, and that it would place timbers and planks thereon, and that it would erect structures thereon that would completely shut off the plaintiffs from and prevent all access to the ship canal and the navigable waters of Coos Bay; that the plaintiffs believed that unless prevented by order of the court the defendant would so do; that such acts would cause great and irreparable damage and injury to the plaintiffs; that the amount and extent of such injury could not be measured or ascertained; and that the plaintiffs had no plain, speedy, or adequate remedy at law.

The plaintiffs asked for an order restraining the defendant and its agents, servants, and employés from driving any piles or posts or erecting any structure in front of their lots, or in any way obstructing, occupying, or encroaching upon the space between the lots and the ship canal on the navigable waters of Coos Bay; that the defendant be ordered to remove all piles or posts so driven by it in front of plaintiffs' property; and that the plaintiffs have judgment against the defendant for their costs and disbursements.

The answer of the defendant alleged that it was the owner in fee of a certain tract of land particularly described in the answer, situate in the town of North Marshfield, Coos county, Or., together with all rights and privileges, by virtue of being riparian owner, or otherwise, to wharf out in front of said tract of land.

The defendant further alleged in its answer that as appurtenant to the land described in the answer and owned by it, and by virtue of being riparian owner thereof, it had the right and privilege of wharfing out in front of said premises to the navigable waters of Coos Bay; that the land described in the answer, owned by the defendant, and the riparian rights, and right to wharf out to the navigable waters of Coos Bay appurtenant to said land, included all of the land over which the defendant had driven piles or posts, or otherwise exercised acts of domain; that the lands described in the answer, owned by the defendant, and the riparian rights or right to wharf out to navigable waters of Coos Bay appurtenant thereto, lay in front of lots 16 and 17, block 65, of Nasburg's addition to the town of Marshfield, Coos county, Or., and between lots 16 and 17 and the navigable waters of Coos Bay.

The complaint was filed in the circuit court of the state of Oregon, in and for the county of Coos; but on the petition of the defendant the cause was subsequently ordered removed to the Circuit Court of the United States in and for the District of Oregon.

Upon the filing of the complaint in the state court, supported by affidavits, a temporary order of injunction was issued, restraining the defendant and its servants, employés, and agents from driving any piles or posts, or erecting any structure in front of lots 16 and 17 in block 65 in Nasburg's addition to the town of Marshfield, Coos county, Or., or in any way obstructing, occupying, or encroaching upon the space between said lots and the

ship channel on the navigable waters of Coos Bay, during the pendency of the suit.

It was stipulated between the plaintiffs and the defendant that the plaintiffs were the owners of the property described in the complaint, and that the defendant was the owner of the property described in the answer, except in so far as the descriptions of the said premises might conflict, if they did conflict.

Testimony on behalf of the plaintiff was taken, and the case was submitted on the issue thus raised by the complaint and answer. The defendant offered no testimony, and thereupon the court made and entered its decree wherein it found that the equities were with the plaintiffs, and that they were entitled to the relief prayed for in their bill of complaint. By the decree, the defendant was perpetually enjoined from driving any piles or posts, or erecting any structure, in front of and within the space comprised by the laterals extended to the ship channel, of lots 16 and 17 in block 65 in Nasburg's addition to the town of Marshfield, Coos county, Or., or in any way obstructing, occupying, or encroaching upon the space between said lots and the ship channel on the navigable waters of Coos Bay.

The sketch hereto annexed is made from the plats introduced in evidence and shows the relative locations of the lots owned by the plaintiffs and the tract of land owned by the defendant, and the defendant's proposed wharf:

J. M. Upton, of Marshfield, Or., and J. Le Roy Smith, of Portland, Or., for appellant.

A. S. Hammond, of North Bend, Or., John F. Hall, of Marshfield, Or., Edmund Nelson, of San Francisco, Cal., and James T. Hall, of Spokane, Wash., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). [1] It is contended by the defendant that the plaintiffs have mistaken their remedy; that the controversy between the parties is as to the boundary line between their respective lots, and the conflicting littoral or riparian rights of the parties growing out of this alleged disputed boundary line; and that such a controversy should be determined by an action at law. Neither the allegations of the complaint and answer, nor the maps introduced in evidence showing the relative locations of the lots owned by the plaintiffs and the tract of land owned by the defendant, show any conflicting boundary line at any point between the two tracts on the upland, or at any point above mean low tide. It is true that the plaintiffs allege in their complaint that their lots "are bounded on the easterly and northerly side by low-water mark of Coos Bay," and the defendant in its answer alleges that the northwesterly side line of its tract runs "due north to low-water mark of Coos Bay." There is also in the record the testimony of two surveyors to the fact that the northwesterly side line of defendant's tract of land, projected from the point of beginning, in the line of its direction, due north to extreme low tide in Coos Bay, would intersect the southeasterly side line of lot 17, owned by the plaintiff Herron, at extreme low tide. One of these witnesses testified that at extreme low tide the defendant's northwesterly side line would cut into lot 17 five or six feet, but at ordinary low tide the lines would not touch. The other witness testified that at extreme low tide the defendant's side line would probably touch the southwesterly side line of lot 17 three or four feet, but at ordinary low tide they would not touch. Plaintiffs' lots are each 25 feet wide and approximately 100 feet in length, if extended to the mean low-water line of Coos Bay. The lots in their length are at right angles to the shore line, as are all the lots in block 65. The defendant's tract of land is triangular in shape. The northwesterly side line running due north, from the point described in the answer as the point of beginning, has a measured length of 440.3 feet to mean low tide. The southerly side of the tract, running due east from the same point of beginning, is about 300 feet long, and the line along the shore is about 550 feet long. These last two measurements are estimated from the maps and are only approximately correct, but they indicate the triangular shape of the defendant's tract of land; that it has a shore line of approximately 550 feet; and that its northwesterly side line projected due north from the point of beginning would add to this shore line and at some point in the bay, below mean low tide, would pass in front of the lots in block 65 in which is located plaintiffs' lots.

But this line below mean low tide is not a "disputed boundary line," within the meaning of the law relating to upland boundaries. These upland boundaries are not in dispute here,. and the projection of defendant's northwesterly side line from the shore, at an angle other than that of a right angle to the shore line or line of navigable water, as a boundary for defendant's littoral or riparian right, would be manifestly unjust to other littoral or riparian owners, and is a claim that can find no support in defining the defendant's littoral or riparian rights under any law known to the court.

In Oregon the upland owner bordering upon a navigable stream or tidewater owns only to the high-water line. The shore belongs to the state. Montgomery v. Shaver, 40 Or. 244, 247, 66 Pac. 923; State v. Portland General Electric Co., 52 Or. 502, 519, 95 Pac. 722, 98 Pac. 160; Switzler v. Earnheart, 59 Or. 344, 346, 117 Pac. 296; Shively v. Bowlby, 152 U. S. 1, 52, 14 Sup. Ct. 548, 38 L. Ed. 331.

[2] In Gould on Waters (3d Ed.) § 149, the littoral or riparian right is stated as follows:

"A littoral proprietor, like a riparian proprietor, has a right to the water frontage belonging by nature to his land, although the only practical advantage of it may consist in the access thereby afforded him to the water, for the purpose of using the right of navigation. This right of access is his only, and exists by virtue and in respect of his riparian property. It exists, in the case of tidewaters, even when the shore is the sovereign's property, both when the tide is out and when it is in. It is distinct from the public right of navigation, and an interruption of it is an encroachment upon a private right, whether caused by a public nuisance, or authorized by the Legislature."

The state of Oregon has provided by statute that the owner of any land in the state lying upon any navigable stream or other like water, and within the corporate limits of any corporate town, may construct a wharf or wharves upon the same, and extend such wharf or wharves into such stream or other like water beyond low-water mark as far as may be necessary and convenient for the use and accommodation of any ships or other boats or vessels that may or can navigate such stream or other water. Section 5201, Lord's Oregon Code.

Whether Nasburg's. addition to the town of Marshfield, in which defendant's tract of land is located, is an incorporated town or not, does not appear from the record; nor is it material to this controversy. The littoral or riparian right would not be greater for land lying outside of an incorporated town than within it. It would not give the riparian owner the right of access or the right to wharf out into the stream except in front of his own upland. Montgomery v. Shaver, supra.

The defendant's proposed structure in front of plaintiffs' lots was therefore without any color of right, and if completed would have cut off the plaintiffs' right of access to their lots on the shore from the navigable waters of the bay. The plaintiffs by reason of owning the upland are entitled under the law of Oregon to access to the navigable part of the bay to and from the front of their lots. The defend-

ant's structure would have deprived the plaintiffs of this access, and their remedy is in equity to have the defendant enjoined from its construction.

The decree was therefore correct, and must be affirmed.