[Argued October 27, decided November 11, 1913.

# SHARPE *v.* CATRON.

(136 Pac. 20.)

**Adverse Possession—Land Grant.**

1. Land selected by a road company under a military road grant was approved by the Department of Interior, December 19, 1879, and patent was issued therefor July 10, 1883. C. entered on the land in 1873, and during that year fenced it. Thereafter until his death, which occurred in 1893, he used and occupied it, and claimed title thereto adversely and exclusively as owner against defendant and his predecessors in interest, and after C.'s death his wife and son continued to occupy the premises as owners until 1908, when they conveyed their right to plaintiff. *Held,* that the statute of limitations commenced to run against the allottee from the date its selection under the grant was approved by the Interior Department, to wit, December 19, 1879, from which time the allottee could have maintained ejectment against C., and hence his subsequent possession for ten years vested in him and his heirs a fee simple title.

*Adverse Possession—Title by Adverse Possession—Rights of Owner.*

2. One claiming title to land by adverse possession for ten years against all persons, but recognizing the superior title of the United States, and seeking in good faith to acquire that title, may assert such adverse possession as against any person claiming to be an owner under a prior grant.

[As to adverse possession of land devoted to public use, see notes in 76 Am. St. Rep. 479; 87 Am. St. Rep. 775; 92 Am. St. Rep. 844.]

From Malheur: Dalton Biggs, Judge.

En Banc.　Statement by Mr. Justice Eakin.

This is a suit by I. W. Sharpe against C. C. Catron to quiet title to real estate. Plaintiff alleges that he and his predecessors in interest have been since 1882 in possession of the land in question here and described in the complaint, and that he is the owner thereof in fee simple and in possession thereof; that the defendant claims some interest therein adversely to the plaintiff, and asks that defendant be required to set forth the nature and extent of his interest, and that plaintiff be adjudged the owner thereof, and his title quieted. Defendant denies plaintiff's right, title and possession, and alleges that he is the owner of the premises. Among the facts found by the court, and which are not controverted, are the following: That Sherman Castle entered upon the land in question in 1873, and during that year fenced it, and thereafter, until his death, which occurred in 1893, used and occupied it, and claimed title thereto openly, adversely and exclusively as owner against the defendant and his predecessors in interest and against all the world during said period; that after the death of Sherman Castle his wife and son continued to claim and occupy the premises as owners thereof until November, 1908, when they conveyed all their right, title and interest therein to the plaintiff, and delivered to him the possession thereof, and that he has claimed and occupied

67 Or.—24

the same until the commencement of this suit; that from April 1, 1902, until April 1, 1906, plaintiff held leases of the premises from the California & Oregon Land Company, without the knowledge or consent of Martha Barton and Ray Castle, the widow and son of Sherman Castle, deceased, and was during that period holding under a license from them. The premises in question here are a part of the land granted by the Congress of the United States to the State of Oregon to aid in the construction of a wagon road from Eugene, Oregon, to the eastern boundary of the state, and was transferred by the State of Oregon to the Oregon Central Military Wagon Road Company. The selection of the land by the road company was approved by the Department of the Interior December 19, 1879, and patent was issued therefor on July 10, 1883, the defendant claiming this tract by mesne conveyances under said grant. Upon the facts found and conclusions drawn therefrom, a decree was rendered in favor of plaintiff. Defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. George W. Hayes* and *Mr. C. M. Crandall,* with an oral argument by *Mr. Hayes.*

For respondent there was a brief over the names of *Messrs. Brooke & Tomlinson* and *Mr. Ralph W. Swagler,* with oral arguments by *Mr. William H. Brooke* and *Mr. Swagler.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1, 2. The court found and the evidence discloses that the claim and possession of Castle was continuous, adverse, open, notorious and exclusive during all his occupancy thereof, and the statute of limitations com-

menced to run against the road company from the date its selection under the grant was approved by the Department of the Interior, namely, December 19, 1879, from which date the road company was in a position to maintain ejectment against Castle: See *Boe* v. *Arnold,* 54 Or. 52 (20 Ann. Cas. 533, 102 Pac. 290), and *Altschul* v. *Clark,* 39 Or. 315 (65 Pac. 991). Such adverse possession for the period of ten years is evidence of a fee-simple title in the adverse holder. This was the holding in *Joy* v. *Stump,* 14 Or. 361 (12 Pac. 929), and followed by this court ever since, so that Castle's title to the land was complete at the time of his death, and passed to his heirs. The question of tacking the possession of the widow and son to the possession of Castle as an element of adverse possession is not involved, and the conveyance by the widow and son to plaintiff, even though only by a quitclaim deed, was sufficient to pass all the right, title and interest held by the grantors: *Dolph* v. *Barney,* 5 Or. 191; *Baker* v. *Woodward,* 12 Or. 3 (6 Pac. 173). In *Boe* v. *Arnold,* 54 Or. 52 (102 Pac. 290, 20 Ann. Cas. 533), the case of *Altschul* v. *Clark,* 39 Or. 315 (65 Pac. 991), is overruled, in so far as it holds that the occupant of government land claiming ownership as against all the world, except the United States, cannot claim title by adverse possession against the true owner, holding: "That one claiming title to land by adverse possession for a period of ten years as against all persons, but recognizing the superior title of the United States government, and seeking in good faith to acquire that title, may assert such adverse possession as against any person claiming to be the owner under a prior grant."

The judgment of the Circuit Court is affirmed.

AFFIRMED.