Argued March 24, affirmed April 28, 1914.

## SPATH *v.* SALES.

(141 Pac. 160.)

**Adverse Possession—Evidence—Weight and Sufficiency.**

1. In a suit to quiet title, evidence *held* to show that plaintiff had been in open, notorious and adverse possession, living upon, improving and cultivating the land, keeping it fenced, paying rent to no one, for more than the statutory period.

[As to what is essential to adverse possession, see notes in 28 Am. St. Rep. 158; 88 Am. St. Rep. 701.]

**Adverse Possession—Hostile Character of Possession—Recognition of Government Title.**

2. One claiming title by adverse possession for ten years against all persons, but recognizing the superior title of the United States, and seeking in good faith to acquire that title, may assert the adverse possession against any person claiming under a prior grant.

[As to what amounts to color of title sufficient to sustain adverse possession, see note in 14 Am. Dec. 528.]

**Adverse Possession—Operation and Effect—Title Acquired.**

3. Adverse possession for the statutory period vests a perfect title in the possession against the former holder of the title and all the world, and he is entitled to all the remedies incident to possession under written titles.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is a suit by Edward Spath against M. A. Sales and William Sales, her husband, Ernest. D. Holgate and Eva D. Holgate, his wife, Andrew Brugger and Mrs. Andrew Brugger, his wife, Edgar E. Chipman and Mrs. Edgar E. Chipman, his wife, to quiet title to a tract of land described in the complaint.   The Circuit Court granted a decree in favor of the plaintiff, and the defendants appeal.

The tract in controversy is a strip 2,745 feet long, 172.54 feet in width at the west end and 174.39 feet in width at the east end.   It is immediately north and adjacent to claim No. 54, known as the John P. Powell D. L. C., and, as plaintiff asserts, is a part of the Page

and Catherine Stanley D. L. C., which is situated north of the Powell claim. The complaint is in the usual form. Plaintiff alleges ownership of the land, and pleads title by adverse possession for the statutory period of more than ten years.

The answer denies the plaintiff's title, and pleads title in the defendants. By way of counterclaim, which explains the controversy, the defendants allege that the tract in dispute is in the Page and Catherine Stanley D. L. C.; that, according to the field-notes and plat of the survey of said claim, the same adjoins the D. L. C. of John P. Powell and Adaline Powell; that the south line of the Stanley tract and the north line of the Powell claim are identical according to the records of the United States government; that by inadvertence and mistake the patent issued for the Page-Stanley claim was made to read so as to exclude the land in controversy, but that the government field-notes and plat show the land in dispute to be a part of the Page-Stanley claim, and that it was intended to be embraced in the patent to the Stanleys.

The reply put in issue the new matter of the answer.

AFFIRMED.

For appellants there was a brief with oral arguments by *Mr. J. J. Johnson* and *Mr. Albert H. Tanner.*

For respondent there was a brief and an oral argument by *Mr. W. D. Freeman.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. According to the record, the plaintiff, Edward Spath, has resided upon the land for a period of about 20 years, and with his family for 17 years. He first purchased the tract of one Freeman, who had settled upon the premises and built a house thereon. Shortly afterward he purchased the interest of Jeremiah Stan-

ley in the tract, and in 1898 obtained a quitclaim deed
to the same from him. During his possession of the
land he has constructed a four-room house and a barn,
and dug a well upon the same. He has also fenced the
land, cleared it of stumps and bushes, and cultivated
about 6 acres thereof. He has set out about 140 fruit
trees and a quantity of small fruits. For about 17
years he has leased 2.45 acres of the land to Multnomah
County for a gravel pit. The land has been fenced for
19 or 20 years, during all of which time the plaintiff
has claimed to be the owner of the same. It may be
assumed for the purposes of this case that the record
title to the land in dispute is in the defendants; the
question being: Has the plaintiff obtained title thereto
by adverse possession? It is claimed by the defend-
ants William Sales and Ernest D. Holgate that soon
after the plaintiff settled upon the land he stated that
he was trying to get title to it from the government,
and that, ''If I cannot get title from the government, I
will buy you out, or else move off''; that Jeremiah
Stanley was present at the time; and that afterward
the plaintiff purchased his interest. It appears that
plaintiff was sick at the time this conversation was al-
leged to have been held. He denies any knowledge
thereof. Plaintiff's acts and the value of the improve-
ments clearly indicate that he claimed ownership of
the land during all the period mentioned. The defend-
ants resided near the tract in controversy. They had
their land surveyed 16 or 17 years ago by the county
surveyor, who ran the line north of the land in question
so as to exclude the same from the Page-Stanley claim.
In order to straighten the title, the plaintiff requested
the defendants to execute a quitclaim deed.

Defendant William Sales testified that Mr. Green-
leaf, who surveyed the land, said, ''Well, that is as far
as I can go''; that the surveyor said that it was a ques-

tion for the courts to determine. It seems that the defendants sold an acre in the southwest corner of their tract, and located the same on the north side of the county road, so as to exclude the land in controversy in such a manner as to indicate that they did not claim the land in dispute. The matter appears to have drifted in this way during all these years without much having been said and nothing done by the defendants, who slept upon their rights during all this time. The plaintiff continued to reside upon, cultivate and improve the land, and contracted to sell one acre thereof to a Mr. Ferris, who has erected a house thereon of the value of about $4,000. The weight of the testimony shows that the plaintiff has been in the open, notorious and adverse possession of the land, living upon, improving and cultivating the same, keeping it fenced, paying no rent to anyone, and claiming it adversely to everyone for more than the statutory period.

2. It is claimed by the defendants that the plaintiff's possession has not been adverse, for the reason that his claim of ownership has not been against all the world, in this, that he recognized the title in the government of the United States. Without adverting to the weight of the testimony upon this point, the contention may be eliminated to a great extent by applying the rule enunciated by this court in the case of *Boe* v. *Arnold,* 54 Or. 52, 58 (102 Pac. 290, 20 Ann. Cas. 533), wherein Mr. Justice McBride, in an exhaustive opinion, thoroughly discussed the question. It was held, in effect, that one claiming title to land by adverse possession for a period of 10 years against all persons, but recognizing the superior title of the United States government and seeking in good faith to acquire that title, may assert such adverse possession as against any person claiming to be the owner under a prior grant. The stronger claim made by the defendants is to the effect

that the plaintiff recognized the superior title to the land in the United States government.

3. Plaintiff's title comes within the rule that adverse possession of real estate for the period prescribed by the statute of limitations vests a perfect title in the possessor as against the former holder of the title and all the world; and he is entitled to all remedies which are incident to possession under written titles: *Parker* v. *Metzger,* 12 Or. 407 (7 Pac. 518); *Joy* v. *Stump,* 14 Or. 361 (12 Pac. 929); *Mitchell* v. *Campbell,* 19 Or. 198 (24 Pac. 455); *Boe* v. *Arnold,* 54 Or. 52 (102 Pac 290, 20 Ann. Cas. 533); *Switzler* v. *Earnheart,* 59 Or. 344, 347 (117 Pac. 296); *Stephenson* v. *Van Blokland,* 60 Or. 247, 251, 252 (118 Pac. 1026).

It follows that the decree of the lower court should be affirmed, and it is so ordered.          AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE BURNETT concur.