Argued at Pendleton May 3, affirmed June 8, 1921.

## ANDERSON v. RICHARDS.

(198 Pac. 570.)

**Adverse Possession—Complaint Held to Sufficiently Allege That Possession was Exclusive.**

1. In a suit to quiet title, a complaint alleging that plaintiff had been and still was in possession of the premises up to the line fence inclosing them, and that his possession had been at all times and still was open, notorious, continuous, uninterrupted and adverse and under claim of right and color of title thereto as against the whole world, sufficiently showed that the possession was exclusive without directly so alleging.

**Adverse Possession—Bars Action to Recover Possession After Statutory Period.**

2. Adverse possession for ten years, as provided by Section 4, Or. Laws, is a bar to an action by the owner to recover the possession thereof.

100 Or.—41

**Adverse Possession — Visible, Notorious and Exclusive Possession Under Claim of Ownership to the Knowledge of the Owner is Essential to "Adverse Possession."**

3.  To establish adverse possession so as to divest the owner of his title, the evidence must show a possession visible, notorious and exclusive under a claim of ownership continuing for 10 years and the owner must have knowledge of such possession and claim.

**Vendor and Purchaser—Visible, Notorious and Exclusive Possession Charges Purchaser With Knowledge.**

4.  Visible, notorious and exclusive possession under a claim of ownership is sufficient to put a purchaser upon notice and charge him with knowledge of such claim.

**Adverse Possession—May Ripen into Title Though Taken by Mistake, but not if Held Without Intention of Claiming Beyond True Line.**

5.  Where a person enters and occupies land not embraced in his title, claiming it as his own, for the statutory period of 10 years, he acquires title thereto though his entry and possession was under a mistake; but if possession was held under mistake or ignorance as to his true line, and with no intention to claim beyond the true line when discovered, such possession is not adverse, and cannot ripen into a title as against the real owner.

**Adverse Possession—Immaterial Who Built Fence to Which Party Claims.**

6.  Where a party claiming title by adverse possession claimed and occupied to a fence, it was immaterial that other persons aided in the construction of the fence.

**Adverse Possession—Allegation of Title Supported by Proof of Adverse Possession for Statutory Period.**

7.  In a suit to quiet title, plaintiff's allegation of title in fee is supported by proof of adverse possession for the statutory period.

**Adverse Possession—Vests Perfect Title.**

8.  Adverse possession of real estate for the period prescribed by the statute of limitations vests a perfect title in the possessor as against the former holder of the title and all the world, and entitles him to all remedies incident to possession under a written conveyance.

**Adverse Possession—Evidence Held to Make Prima Facie Case of Possession Under Claim of Ownership.**

9.  Evidence that plaintiff and his ancestors had been in open, visible, notorious and exclusive possession of land for 10 years, that it was inclosed with a substantial fence, that an orchard had been planted and costly and permanent improvements constructed, and

---

3.  What essential to adverse possession, see notes in 28 **Am. St. Rep.** *158;* 88 **Am. St. Rep.** 701.

5.  Effect of possession taken and held through mistake or ignorance, see notes in 24 **Am. St. Rep.** 388; 15 **Ann. Cas.** 827; **Ann. Cas. 1912A,** 450.

that plaintiff had treated the premises as his own, made a *prima facie* case for plaintiff,. and raised the presumption that his entry was one of right and his claim one of ownership, and entitled him to prevail, in the absence of any showing that his entry and holding were in subordination to defendant's title.

**Adverse Possession—Depends on Intent, to be Determined by What Party has Done.**

10. Adverse possession is founded upon the intent with which the occupant has held possession, and this intent is to be determined by what he has done.

**Adverse Possession—Possession of Ancestor and Heir may be Tacked.**

11. The adverse possession of a party and his ancestor may be tacked to complete the bar of the statute of limitations.

**Appeal and Error—Findings of Value not Binding in Suit to Quiet Title.**

12. In a suit to quiet title, the findings of the trial judge, who heard the testimony and viewed the premises and the boundary fence involved in the litigation, are of value in the consideration of the evidence by the Supreme Court, though not binding upon that court.

From Union: J. W. KNOWLES, Judge.

In Banc.

This is a suit to quiet title. B. E. Anderson, plaintiff and respondent, is the owner of Lot 6, and John Richards, defendant and appellant, is the owner of Lot 7, in Block "D" of the town site of Cove, Union County, State of Oregon. The plaintiff alleged in his complaint, among other things:

"That plaintiff has been, and still is, in possession of said premises up to the line fence inclosing the same, and that his possession has been at all times, and still is, open, notorious, continuous, uninterrupted and adverse and under claim of right and color of title thereto as against the whole world * * .

"That plaintiff's line fence inclosing his said premises between defendant's said lot and plaintiff's said lot and premises is a good substantial fence and has been located and maintained where the same now stands as the dividing line between plaintiff's and

11. Tacking successive possessions under adverse possession, see note in 13 Am. Dec. 331.

defendant's said lots and premises since the year 1897.

"That on * * the eighth day of March, 1920, * * the defendant, without the knowledge or consent of plaintiff, wrongfully and unlawfully entered and trespassed upon plaintiff's said premises and tore down and destroyed the said east line fence upon plaintiff's said premises and rebuilt said line fence in and upon plaintiff's said premises a distance of some eight or ten feet, claiming title to said strip of plaintiff's said premises, including the row of cherry trees growing thereon; that immediately thereafter, plaintiff removed the said fence and rebuilt and restored the said fence on the east line of his premises to its original position thereon.

"That defendant claims and asserts title to said strip of plaintiff's said lot and premises on the east thereof. * * "

The court heard the testimony of twenty-two witnesses, viewed the premises, and thereafter made the following findings of fact:

"That plaintiff is the owner in fee and in possession of Lot 6 in Block 'D' of the original town site of Cove, Union County, Oregon, together with the buildings and improvements thereon.

"That said premises are now, and have been since the year 1897, inclosed with a good substantial fence; that there is situate thereon a good substantial dwelling-house, together with good outbuildings, and that there is growing thereon shrubbery and fruit trees which are of great value to this plaintiff; that plaintiff has been and still is in possession of said premises up to the line fence inclosing the same, and that his possession has been at all times, and still is, open, notorious, continuous, uninterrupted and adverse and under claim of right and color of title thereto as against the whole world.

"That the defendant is the owner and in possession of Lot 7 in said Block 'D' of said original town site of Cove adjoining plaintiff's said lot and premises on

the east, and that plaintiff's line fence inclosing the said premises, between defendant's said lot and plaintiff's said lot and premises, is a good substantial fence and has been located and maintained where the same now stands as a dividing line between plaintiff's and defendant's said lots and premises since the year 1897; that upon plaintiff's said premises along and near said dividing line fence between plaintiff and defendant, plaintiff has growing a number of large cherry trees which are of great value to plaintiff.

"That on or about March 8, 1920, in the temporary absence of plaintiff, the defendant, without the knowledge or consent of the plaintiff, wrongfully and unlawfully entered and trespassed upon plaintiff's said premises and tore down and removed the said east line fence upon plaintiff's said premises and rebuilt said line fence in and upon plaintiff's said premises a distance of some eight or ten feet, claiming title to said strip of plaintiff's said premises; that immediately thereafter, plaintiff removed the said fence * * and rebuilt his said fence on the east line of his said premises; that the defendant claims and asserts title to said eight or ten foot strip of plaintiff's said lot on the east thereof, and threatens to, and will unless restrained by the order of this court, again remove and destroy plaintiff's said line fence and again rebuild same over and upon plaintiff's said premises * * ."

The court concluded, as a matter of law:

"That the plaintiff is entitled to a decree quieting his title to said Lot 6 in Block 'D' of the original town site of Cove, Union County, Oregon, and that said decree declare plaintiff to be the owner in fee of said lot and premises up to the fence where now located on the east side thereof, and that said fence be decreed to be the true line between plaintiff and defendant."

and a decree was entered in accordance therewith.

The defendant appeals to this court, assigning that the court erred:

"In overruling defendant's objection to the admission of any testimony in the case on the ground that the complaint did not state facts sufficient to constitute a cause of suit.

"In decreeing that the line upon which the old fence was built and upon which the fence now stands is the true line * * .

"In enjoining defendant from moving or attempting to move said fence.

"In allowing plaintiff his costs and disbursements.

"In not finding and decreeing for defendant and against plaintiff, that the strip of land mentioned in the complaint was within the boundaries of said Lot 7 and defendant the owner thereof."

AFFIRMED.

For appellant there was an oral argument by *Mr. R. J. Green.*

For respondent there was a brief over the names of *Messrs. Crawford & Eakin* and *Mr. C. H. Finn,* with oral arguments by *Mr. Crawford* and *Mr. Eakin.*

BROWN, J.—1. The defendant challenges the sufficiency of the complaint for the reason that plaintiff does not aver in express terms that his possession was exclusive. Plaintiff alleges:

"That he [plaintiff] has been, and still is, in possession of said premises up to the line fence inclosing the same, and that his possession has been at all times, and still is, open, notorious, continuous, uninterrupted and adverse and under claim of right and color of title thereto as against the whole world."

We believe that the element of exclusiveness of plaintiff's possession sufficiently appears from the use of the words contained in the allegation just recited.

It has been held that it is necessary to allege exclusive possession: *Alexander* v. *Myers,* 33 Neb. 773

(51 N. W. 140), holding allegations of actual, open, notorious, continuous and adverse possession insufficient. But the better rule is believed to be that the element of exclusive possession may sufficiently appear from the use of other words: 1 Stand. Ency. of Proced., p. 628, citing *Jackson* v. *Snodgrass,* 140 Ala. 365 (37 South. 246); *Hesser* v. *Siepmann,* 35 Wash. 14 (76 Pac. 295); *Bellingham Bay L. Co.* v. *Dibble,* 4 Wash. 764 (31 Pac. 30); *Keaton* v. *Sublett,* 109 Ky. 106 (58 S. W. 528). A pleading will be deemed sufficient in alleging title by adverse possession when it shall appear therefrom that such possession was actual, open, notorious, visible, exclusive, continuous and uninterrupted for a period of ten years: 2 C. J. 259, 260.

The complaint in the instant case is sufficient. It not only pleads title by adverse possession, but alleges that the plaintiff is the owner in fee of the said premises.

In an opinion by Mr. Justice LORD in *Parker* v. *Metzger,* 12 Or. 407 (7 Pac. 518), the following was quoted with approval:

"In *Leffingwell* v. *Warren,* 2 Black (U. S.), 605 (17 L. Ed. 263), the Supreme Court of the United States says: 'The lapse of time limited by such statutes *not only bars the remedy, but it extinguishes the right, and vests a perfect title in the adverse holder.'* So in *School District* v. *Benson,* 31 Me. 384, the court say: 'A legal title is equally valid, when once acquired, whether it be by disseizin or by deed; it vests the fee simple, although the mode of proof, when adduced to establish it, may differ. * * When the title is in controversy, it is to be shown by legal proof, and a continuous disseizin for twenty years is as effectual for that purpose as a deed duly executed. The title is created by the existence of the facts, and not by an exhibition of them in evidence. An open, notorious,

exclusive and adverse possession for twenty years would operate to convey a complete title to the plaintiffs, as much so as any written conveyance. And such title is not only an interest in the land, but it is one of the highest character—the absolute domain over it—and the appropriate mode of conveying it is by deed.' (See, also, *Barwick* v. *Thompson,* 7 Term Rep. 488; *Beckford* v. *Wade,* 17 Ves. Jr. 87; *Moore* v. *Luce,* 29 Pa. St. 260; *Lessee of Thompson's Heirs* v. *Green,* 4 Ohio St. 223; *Newcombe* v. *Leavitt,* 22 Ala. 631; *Chiles* v. *Jones,* 7 Dana, 528.)''

To like effect are the cases of *Neal* v. *Davis,* 53 Or. 423, 435 (99 Pac. 69, 101 Pac. 212); *Spath* v. *Sales,* 70 Or. 269 (141 Pac. 160).

2-4. It is the established law of this state that adverse possession for the term of ten years, as provided by Section 4, Or. L., is a bar to the action by the owner to recover the possession thereof. To establish adverse possession so as to divest the owner of his title, the evidence must show a possession visible, notorious and exclusive, under a claim of ownership, continuing for ten years, and the owner must have knowledge of such possession and claim; and such possession and occupancy is sufficient to put a purchaser from another upon notice, and charge him with knowledge of such claim: *Bohlman* v. *Coffin,* 4 Or. 313; *Petrain* v. *Kiernan,* 23 Or. 455 (32 Pac. 158); *Exon* v. *Dancke,* 24 Or. 110 (32 Pac. 1045); *Ambrose* v. *Huntington,* 34 Or. 488 (56 Pac. 513); *McNear* v. *Guistin,* 50 Or. 377 (92 Pac. 1075).

In *Chapman* v. *Dean,* 58 Or. 477 (115 Pac. 154), it was held by this court that:

''In order to acquire title by adverse possession the possession must be hostile, under a claim of right, actual, open, notorious, exclusive and continuous.''

In *Smith* v. *Badura,* 70 Or. 58 (139 Pac. 107), this court said:

"Fencing a lot, building thereon and occupying it exclusively sufficiently indicates an intention to claim title, adverse to all the world."

In *Quinn* v. *Willamette Pulp & Paper Co.,* 62 Or. 549, 554 (126 Pac. 1), Mr. Justice BEAN said:

"What is an adverse and exclusive possession depends very much on the character of the land and the purposes for which it is adapted, intended and used."

To like effect is 1 R. C. L., p. 694, par. 8.

It was said in *City of Silverton* v. *Brown,* 63 Or. 418, 422 (128 Pac. 45):

"The possession of land may be shown by the evidence of different modes of possession, such as inclosure, the erection of buildings, or other improvements, or in any way that clearly indicates an exclusive appropriation of the land by the person claiming to hold it."

5. In a number of cases this court has held that, where a person enters and occupies land not embraced in his title, claiming it as his own for the statutory period of ten years, he acquires title thereto, though his entry and possession was under a mistake: *Caufield* v. *Clark,* 17 Or. 474 (11 Am. St. Rep. 845, 21 Pac. 443); *Ramsey* v. *Ogden,* 23 Or. 350 (31 Pac. 778); *Rowland* v. *Williams,* 23 Or. 515, 520 (32 Pac. 402); *Sommer* v. *Compton,* 52 Or. 173, 180 (96 Pac. 124); *Dunnigan* v. *Wood,* 58 Or. 119 (112 Pac. 531); *Moore* v. *Fowler,* 58 Or. 292, 295 (114 Pac. 472); *Parker* v. *Wolf,* 69 Or. 447 (138 Pac. 463). However, if the evidence shows that possession was held under mistake or ignorance as to his true line, and with no intention to claim beyond the true line when discovered, such possession is not adverse, and cannot ripen into a title as against the real owner: *King* v. *Brigham,* 19 Or. 570 (25 Pac. 150); *Caufield* v. *Clark, supra.*

6. There is testimony tending to show that others than Anderson or his predecessors aided in the construction of the line fence. This does not affect the case one way or the other. It was held in *Sommer* v. *Compton, supra,* that:

"If a fence is used as a boundary it is immaterial who constructed it; the question is whether the party claiming adverse possession claims and continues to occupy to it; the burden of proving adverse possession is upon him who claims the benefit of it: *Sommer* v. *Compton, supra; Shuffleton* v. *Nelson,* 2 Sawy. 540 (Fed. Cas. No. 12,822); *Gardner* v. *Wright,* 49 Or. 628 (91 Pac. 286); *Altschul* v. *Casey,* 45 Or. 182 (76 Pac. 1083)."

Anderson's allegation of a title in fee is supported by proof of adverse possession for the statutory period: *Neal* v. *Davis,* 53 Or. 423 (99 Pac. 69, 101 Pac. 212).

7, 8. Adverse possession of real estate for the period prescribed by the statute of limitations vests a perfect title in the possessor as against the former holder of the title and all the world, and we have seen that he is entitled to all remedies which are incident to possession under written titles. The title is created by the existence of the facts, and not by an exhibition of them in evidence. An open, notorious, exclusive and adverse possession for ten years will operate to convey a complete title to the plaintiff as much as any written conveyance: *Parker* v. *Metzger,* 12 Or. 407 (7 Pac. 518); *Mitchell* v. *Campbell,* 19 Or. 198 (24 Pac. 455); *Joy* v. *Stump,* 14 Or. 361 (12 Pac. 929); *Thomas* v. *Spencer,* 66 Or. 361 (133 Pac. 822); *Spath* v. *Sales,* 70 Or. 269, 273 (141 Pac. 160).

9. Anderson proved that he and his ancestors had been in open, visible, notorious and exclusive possession of the land within his inclosure, for a period of more than ten years; that the land was inclosed with

a substantial fence; that an orchard had been planted thereon and had borne fruit for many years; that costly and permanent improvements had been constructed, and that plaintiff had in all things treated the premises within his inclosure as his own. This evidence made a *prima facie* case for the plaintiff and raised the presumption that his entry had been one of right, and his claim one of ownership, and the defendant failing to show that such entry and holding had been in subordination to his title, or to the title of those under whom he held, then plaintiff rightfully prevailed over defendant.

10, 11. Adverse possession is founded upon the intent with which the occupant has held possession, and this intent is to be determined by what he has done: *Rowland* v. *Williams, supra.* The possession of Anderson and his ancestor may be tacked to complete the bar of the statute of limitations. There is no break or interruption in the possession for a period of ten years. Anderson's possession is connected with that of his predecessor, and the whole is a continuous possession: *Rowland* v. *Williams, supra.*

12. In the hearing of this case in the court below, the trial judge heard the testimony of the witnesses, viewed the premises and the boundary fence involved in this litigation, and his findings of fact, while not binding upon this court, are of value in our consideration of the evidence.

In the case of *Tucker* v. *Kirkpatrick*, 86 Or. 677 (169 Pac. 117), Mr. Justice McCAMANT, in expressing the opinion of this court, wrote:

"The first question to be determined on this record is one of fact. The testimony is irreconcilable on the vital question of whether the contract was made as alleged. The lower court saw the witnesses and heard their testimony; his opportunities for determin-

ing the issue of fact arising on this conflicting testimony were better than ours, and great respect is due to his findings: *Scott* v. *Hubbard,* 67 Or. 498, 505 (136 Pac. 653); *Hurlburt* v. *Morris,* 68 Or. 259, 272 (135 Pac. 531); *Goff* v. *Kelsey,* 78 Or. 337, 348 (153 Pac. 103); *Shane* v. *Gordon,* 84 Or. 627, 630 (165 Pac. 1167)."

Finding no error in the record, this case is affirmed.

AFFIRMED.

BENSON, J., not sitting.